**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, and its Local Union Nos. 932, 1147, 107 and 337, Plaintiffs,**

**v.**

**WHITE MOTOR CORPORATION and White Farm Equipment Company, its wholly owned subsidiary, Defendants.**

**No. 4–73–Civ. 442.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 30, 1973.

Francis X. Helgesen, Helgesen, Peterson, Engberg & Spector, Minneapolis, Minn., M. Jay Whitman, Asst. Gen. Counsel, UAW, Detroit, Mich., for plaintiffs.

Curtis L. Roy, Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for defendants.

## MEMORANDUM ORDER

LARSON, District Judge.

The instant litigation has arisen out of White's unilateral termination of the pension plan for all UAW represented employees at the White Farm Equipment Company plants in Minneapolis and Hopkins, Minnesota. After termination, the UAW sought to place the disputes arising therefrom before the pension committee provided for in the bargaining agreement. White refused to submit the matter to the pension committee and refused to put the matter before an impartial arbitrator. Suit was filed in this Court in mid-1972 and on August 14, 1972, this Court entered an Order compelling arbitration of the parties' pension disputes. On August 30, 1973, the arbitrator sustained the UAW's position on all points presented to him. On or about September 7, 1973, White indicated that it would not honor the arbitration award.

On September 10, 1973, the UAW commenced the instant action based upon section 301 of the Labor Relations Act [29 U.S.C. § 185 (1970)] to enforce the arbitration award. On September 11, 1973, White filed an action in the Federal District Court for the Southern District of New York based upon section 301 and the United States Arbitration Act, as amended, [9 U.S.C. § 1 et seq.

(1970)] to have the award vacated. In the New York action, White moved to have the UAW enjoined from proceeding in the instant action. The UAW cross-moved for an Order staying the New York proceedings. Judge Metzner granted UAW's cross-motion and denied White's motion. On October 16, 1973, White filed a notice of appeal from Judge Metzner's Order in the Court of Appeals for the Second Circuit. That same day, Judge Metzner denied White's motion to enjoin the proceedings in this Court pending the outcome of the appeal. Subsequently, the Second Circuit also denied White's motion to stay the action in this Court pending White's appeal.

The sole question for determination before this Court is whether the Arbitration Act provides the sole basis of jurisdiction and venue for adjudication of plaintiffs' and defendants' actions, or whether the actions might be brought as well under the provisions of section 301 of the Labor-Management Relations Act [29 U.S.C. § 185 (1970)]. Judge Metzner was confronted with the identical issue in the motions brought before him in the Southern District of New York and resolved the matter as follows:

"I conclude that neither White nor the UAW were compelled to file suit in this district.

"The Supreme Court has held that a party to a collective bargaining agreement may sue in federal court pursuant to Section 301 of the LMRA to specifically enforce a promise to arbitrate. Textile Workers of America v. Lincoln Mills of Alabama, 353 U.S. 448, 451 [77 S.Ct. 912, 923, 1 L.Ed.2d 972] (1957). In reaching this decision the Court made no mention of the Arbitration Act.

"In the wake of Lincoln Mills, the Court also held that a suit may be maintained by a party to a collective bargaining agreement under Section 301 to enforce the award of an arbitrator. General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Company, 372 U.S. 517, 519

[83 S.Ct. 789, 9 L.Ed.2d 918] (1963); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, n. 1 [80 S.Ct. 1358, 4 L.Ed.2d 1424] (1960). These decisions were likewise rendered in suits brought under Section 301, and the Court again made no mention of the Arbitration Act. To round out its power to afford relief in agreements to arbitrate, it is obvious that the court also possess(es) the power to vacate or modify the arbitration award under Section 301."

This Court agrees with Judge Metzner. Section 301(a) provides that suits for contract violations between an employer and a labor organization "may be brought in any district court of the United States having jurisdiction of the parties." Section 301(c) provides that for such actions jurisdiction is proper

> "(1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

There is no dispute that the conditions of the jurisdictional provision are met in this case.

For the purposes of an enforcement action, the language in General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Company, Inc., 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed. 2d 918 (1963), is unequivocal: "If . . . the award of the Joint Area Cartage Committee is under the collective bargaining agreement final and binding, the District Court has jurisdiction under § 301 to enforce it . . . ."

Defendants rely upon 9 U.S.C. § 10 (1970), reading in pertinent part as follows:

> "In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon application of any party to the arbitration—
>
> \* \* \* \* \* \*
>
> (d) Where the arbitrators exceeded their powers . . . ."

Defendants would have this Court rely upon two lower court cases to hold contrary to the position taken by Judge Metzner.

In United States v. ETS-Hokin Corporation, 397 F.2d 935, 938–939 (9th Cir. 1968), the Court held that section 10 of the Arbitration Act provided the sole designation of venue for an action to vacate an award after a Federal court had compelled arbitration under the Miller Act. This case is distinguishable for two reasons. First, while the Miller Act [40 U.S.C. §§ 270a–270d (1970)] contains no specific provisions regarding venue of actions brought under its provisions (except for suits upon contracts for labor or material under § 270(b)) the LMRA in section 301 does provide for venue of such actions. Second, UAW's action is to enforce, not to vacate, the award. Consequently, even if the Miller Act did have provisions similar to those found in the LMRA, the Ninth Circuit's holding is a different case.[1]

Defendants cite as well Arthur Imerman Undergarment Corp. v. Local 162, ILGWU, 145 F.Supp. 14 (D.N.J.1956), which held that parties who had elected to adopt the Federal Arbitration Act as their mode of procedure could not abandon it and look instead to a State Arbitration Act. The Court there stated that the complaint was based upon a violation of section 301 making the case one concerning a Federal question. The Court then concluded that the only Federal arbitration law applicable to the point in question was the Federal Arbitration Act, and that the venue and ju-

---

1. In oral argument defendant cited section 9 of the Arbitration Act as the basis for an action to enforce an arbitration award. Even if White had directly argued here under 9 U.S.C. § 9 (1970) that the UAW's sole venue for an action to enforce the award was in New York, the Supreme Court's pronouncement in *Riss* and this Court's conclusions concerning the concurrence of jurisdiction between the two acts would have dictated that this Court reach a similar result.

risdictional provisions within that Act were controlling. Although this case may appear to raise some questions about the propriety of allowing venue to be found in this Court, the Supreme Court's pronouncement in *Riss* set forth above is, of course, controlling and any language in *Imerman* or potential interpretation to the contrary is inoperable.

Defendants finally argue that under the rationale of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), specific venue provisions such as those found in the Arbitration Act displace more general provisions. The Court in *Fourco* was analyzing only the special statute pertaining to venue in patent infringement actions and its effect upon the general venue provisions found in 28 U.S.C. § 1391(c) (1970). It is possible to extrapolate from *Fourco* the general principle that a specific venue provision will take precedence over the general provisions found in 28 U.S.C. § 1391 (1970). In the instant case, however, UAW brings its action here not under 28 U.S.C. § 1391 (1970), but rather under the specific venue provision provided for contracts between an employer and a labor organization; thus, the instant case becomes one of the correct interpretation of two special venue provisions under two different Acts which both cover a similar situation. Given the Supreme Court's silence concerning the venue provisions of the Arbitration Act in the cases cited above in connection with Judge Metzner's opinion, and especially in view of the Court's pronouncement in *Riss* concerning the jurisdiction of the district court to enforce an arbitration award, this Court holds that the jurisdiction provided by the special jurisdiction and venue provisions in question is concurrent and that the instant action is properly before this Court.

Defendants' motion to dismiss is therefore denied.

Defendants have moved in the alternative that if their motion to dismiss is denied, this Court should stay proceedings in this case pending the outcome of the case presently before the Second Circuit Court of Appeals. Because of the exigency of the circumstances surrounding the pension fund dispute and this Court's views concerning the possibilities of White's success on the merits of its appeal, the request for a stay is denied.

