WAREHOUSE, MAIL ORDER, OFFICE, TECHNICAL AND PROFESSIONAL EMPLOYEES, LOCAL NO. 743, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Plaintiff,

v.

CARL GORR COLOR CARD, INC., and Carl Gorr Color Card Division of Color Communications, Inc., Defendants.

No. 80 C 6593.

United States District Court, N. D. Illinois, E. Division.

April 13, 1981.

Joel A. D'Alba, Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Ltd., Chicago, Ill., for plaintiff.

Thomas Y. Mandler, Nicholas D. Chabraja, Gordon A. Goldsmith, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Warehouse, Mail Order, Office, Technical and Professional Employees, Local No. 743, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Plaintiff") brought this action against defendants, Carl Gorr Color Card, Inc. ("Gorr"), and Carl Gorr Color Card Division of Color Communications, Inc. ("Color Communications"), seeking enforcement of an arbitration award rendered against Gorr on December 4, 1978.

On January 27, 1981, the Court remanded this case to the arbitrator upon the premise that the parties had agreed that such a remand was appropriate in light of an alleged ambiguity in the arbitrator's decision. Contrary to the representations of plaintiff's counsel on January 27th, however, the parties apparently were not so agreed and defendants have moved for reconsideration of the remand. After a thorough review of the memoranda filed by the parties, the Court is of the opinion that this case best can be resolved through a remand to the arbitrator. The motion for reconsideration is granted, however, in the interest of freely airing the issues raised by the parties.

The original dispute between plaintiff and Gorr arose when the parties were unable to agree on the appropriate amount of vacation pay due Gorr employees when Gorr ceased operations in January, 1978. Pursuant to the terms of their collective bargaining agreement, the parties submitted the matter for arbitration. The award made by the arbitrator is as follows:

### AWARD

Employees of the company in employment as of January 15, 1978, are entitled to their full 1977 vacation pay plus the appropriate proration up to January 15, 1978, under the terms of the Labor Agreement between the parties.

Those employees who have not yet received vacation pay on this basis are entitled to the appropriate additional vacation pay which is due them under this formula.

Plaintiff now seeks enforcement of this award against Color Communications, which purchased the assets of Gorr on January 17, 1978.

Defendants contend that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, alternatively, that they are entitled to summary judgment on that issue under Fed.R.Civ.P. 56. Defendants also maintain that Color Communication is not a proper party to this case because the arbitration award was rendered against Gorr alone. Alternatively, defendants ask the Court to remand the case to the arbitrator for clarification of an allegedly ambiguous award.

With regard to the jurisdictional issue, defendants argue that plaintiff's action is governed by 9 U.S.C. § 9 of the United States Arbitration Act ("USAA") which provides a one-year statute of limitations for instituting suits to enforce an arbitration award. Since plaintiff instituted this action more than two years after the issuance of the arbitration award, defendants contend that it is untimely and must be dismissed.

Conversely, plaintiff asserts that this action was properly brought pursuant to section 301 of the Labor Management Relations Act, ("LMRA") 29 U.S.C. § 185. Although section 301 does not specify a time limitation for instituting such actions, the Supreme Court has held that the timeliness of some section 301 actions may be determined by reference to the applicable state statute of limitations. *International Union v. Hoosier Cardinal Corporation*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1965). Applying the *Hoosier* rule, plaintiff contends that the Illinois five-year statute of

limitations governing actions on arbitration awards, Ill.Rev.Stat., ch. 83 § 16 (1969), is the relevant time limitation applicable to the instant action, and therefore this suit was timely filed.

Although the Seventh Circuit has never expressly decided whether a motion to enforce an arbitration award properly may be brought under section 301 of the LMRA applying the applicable state statute of limitations after the one-year statute of limitations under section 9 of the USAA has run, other circuits confronted with the question have held that an action to enforce an arbitration award properly may be brought under either the LMRA or the USAA.

In *International Union v. White Motor Corporation*, 374 F.Supp. 421 (D.Minn.1973), the court specifically addressed the issue of whether the USAA provided the sole basis of jurisdiction, or whether a motion to enforce an arbitration award could also be brought under section 301 of the LMRA. The court held that the USAA did not provide the sole basis of jurisdiction and that the action was proper under section 301. Similarly, in *Santos v. District Council of New York City*, 619 F.2d 963 (2d Cir. 1980), the court stated that it was an established principle of law that an action to enforce an arbitration award properly may be brought under section 301 of the LMRA. Accordingly, the court adopted the *Hoosier* rule and applied the New York statute of limitations governing actions on arbitration awards. *See also Kallen v. District 1199, National Union of Health Care Employees*, 574 F.2d 723 (2d Cir. 1978); *Local 1115 v. B & K Investments Incorporated*, 85 CCH Lab.Cas. 910, 949, 100 LRRM 2174 (S.D.N.Y. 1978).

■ While the issue presented in the instant case is one of first impression in this circuit, two recent decisions by the United States Court of Appeals for the Seventh Circuit, when read together, clearly imply that a motion to enforce an arbitration award may be brought under either section 301 of the LMRA or section 9 of the USAA.

In *Teamsters Local 135 v. Jefferson Trucking Company, Incorporated*, 628 F.2d 1023 (7th Cir. 1980), a union filed an action pursuant to section 301 of the LMRA, seeking enforcement of an arbitration award rendered against the employer. The employer sought to have jurisdiction of the action predicated upon the USAA because federal courts have permitted a delinquent motion to vacate an award under the USAA, while under section 301 the employer would have been precluded from attacking the validity of the award. The court held that section 301 conferred the jurisdictional basis for the action. Accordingly, the court adopted the *Hoosier* rule and applied the Indiana version of the USAA as the appropriate state statute of limitations. The Indiana Arbitration Act's ninety-day statute of limitations for instituting motions to vacate precluded the employer from bringing its motion to vacate. Subsequently, in *Milwaukee Typographical Union No. 23 v. Newspapers, Incorporated*, 639 F.2d 386 (7th Cir. 1981), the court held that an action to enforce an arbitration award properly may be brought under the USAA, if filed within the statutory one-year time period.

■ Plaintiff's action was properly brought under section 301 of the LMRA, and, pursuant to the *Hoosier* rule, the applicable state statute of limitations is the Illinois Arbitration Act, Ill.Rev.Stat., ch. 83 § 16 (1969), which provides a five-year time limitation for actions on arbitration awards. The arbitration decision and award in the instant case was rendered on December 4, 1978. Accordingly, plaintiff's action, filed on December 10, 1980, was timely and defendants' motion to dismiss is denied. It is so ordered.

Alternatively, defendants contend that the arbitration award is ambiguous and incomplete as it determined only the issue of liability and did not specify the amounts due each employee. They argue that such ambiguity renders the award unenforceable by this Court. In *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Supreme Court was confronted with a motion to enforce an arbitra-

tion award which ordered the reinstatement of employees with back pay, minus pay for a ten-day suspension and sums the employees received from other employment. The Court held that the award was ambiguous and thus unenforceable as it failed to specify the exact amounts to be deducted from the back pay. The Court remanded the case to the district court "... so that the amounts due the employees may be definitely determined by arbitration." *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. at 599, 80 S.Ct. at 1362. *See also San Antonio Newspaper Guild, Local No. 25 v. San Antonio Light Division*, 481 F.2d 821 (5th Cir. 1973); *International Brotherhood of Electrical Workers, Local 369 v. Olin Corporation*, 471 F.2d 468 (6th Cir. 1972); *Hanford Atomic Metal Trades Council v. General Electric Company*, 353 F.2d 302 (9th Cir. 1966).

■ In the instant case, the arbitration award merely determined that the Gorr employees were entitled to their full 1977 vacation pay plus the appropriate proration up to January 15, 1978. However, the award fails to specify the amounts due each employee. Accordingly, the award is incomplete and this cause must be remanded to the arbitrator for clarification of the award in conformity with this opinion. It is so ordered.[1]

---

1. Although defendants contend that Color Communications is not a proper party to this action seeking enforcement of an arbitration award rendered against Gorr, neither party has given the Court enough evidence to determine whether the successor company may be held to have assumed the obligations of its predecessors under the collective bargaining agreement [see the factors enunciated in *International Union v. Sage Foods Incorporated*, 407 F.Supp. 1247 (N.D.Ill.1976)] or whether Color Communications expressly assumed Gorr's liabilities in connection with its purchase of Gorr's assets in 1978. Assuming, until we are shown otherwise, that Color Communications is a proper party, the parties apparently concede that remand to the arbitrator would be an appropriate method of resolving any ambiguities in the arbitration award.