**Arthur McCOY, et al., Plaintiffs,**

v.

**TRUCK DRIVERS, CHAUFFEURS AND HELPERS LOCAL UNION NO. 100, Defendant.**

**No. C–1–79–203.**

United States District Court,
S. D. Ohio, W. D.

Dec. 1, 1981.

Ronald J. Denicola, Cincinnati, Ohio, for plaintiffs.

Jonas B. Katz, Dennis J. Buckley, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter came on for consideration of defendant's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. (doc. 38) and plaintiff's memorandum in opposition (doc. 42). Defendant contends in its motion that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on three grounds. We find that defendant's motion is well taken and that it is entitled to summary judgment because this action was not filed within the time permitted by the applicable statute of limitations, namely Ohio Rev. Code § 2711.13.

The undisputed facts in this case include the following: Before September 3, 1976, plaintiffs were employed by Point Express, Inc., and were represented by the defendant Local 100 pursuant to a collective bargaining agreement known as the National Master Freight Agreement and Central States Area Local Cartage Supplemental Agreement. All of plaintiffs were laid off by Point Express by September 3, 1976, and Point Express closed its doors and ceased all operations at the latest by December 1976. After Point Express ceased operating, it filed bankruptcy and Consolidated Freightways (hereinafter "CF") purchased a portion of the operating rights of Point Express in the bankruptcy proceedings in December 1976. Defendant represented certain employees of CF pursuant to the same collective bargaining agreements heretofore mentioned.

In January, 1977 McDorman, a labor relations manager for CF, met with the president of defendant Union concerning the obligations, if any, of CF to former Point Express employees. McDorman advised the president, Kaiser, that it was CF's position that it had no obligation to the former Point Express employees under the contract because Point Express was not operating when CF purchased a portion of the rights. However, McDorman told Kaiser that CF was willing to enter into a "working agreement" covering certain of the laid off employees of Point Express. The working agreement had been prepared by McDorman before the meeting with Kaiser, and without any negotiations prior to the meeting where it was presented to Kaiser for review. Kaiser told McDorman that the proposal would have to be reviewed by his superiors before acceptance by the defendant and that it also would have to be approved by the Joint Area Conference, the Arbitration Panel established by the National Master Freight Agreement composed of representatives of the defendant and employers who are parties to the Master Agreement.

Ultimately, the working agreement was presented to the Joint Area Conference in March 1977. Plaintiffs were aware that the agreement was to be reviewed by the Conference and arranged for the Union steward to go to the conference.

Before the hearing of the Joint Area Conference, Kaiser met and was advised by Roy Williams, Director of the Central Conference of Teamsters and Vice President of the International Brotherhood of Teamsters, that it was the Union's conclusion that CF had no obligation under the contract of former Point Express employees other than to go to the bottom of the CF seniority list. Since the proposed CF agreement provided greater rights to former Point Express employees, Kaiser signed it on behalf of the defendant.

The working agreement was then presented to the Joint Area Conference on March 21, 1977 in accordance with the provisions of the National Master Freight Agreement. At the hearing were McDorman, Kaiser and Bales, the latter representing Point Express employees at the meeting, in addition to the Panel members. The Agreement was explained to the Panel and in executive session, the Panel approved the Agreement. Bales requested and obtained a copy of the minutes of the hearing approving the working agreement and distributed the minutes to the plaintiffs.

The plaintiffs, therefore, were aware of the decision of the Joint Area Conference approving the working agreement which did not call for dovetailing. They were not satisfied with the results of the conference and charges were filed against the Union president Kaiser in April 1977 because of dissatisfaction with the action of the Joint Area Conference approving the agreement which did not provide for dovetailing.

No further action was taken by or on behalf of the plaintiffs until this action was filed on March 30, 1979, over two years after the decision of the Joint Area Conference established under the National Master Freight Agreement composed of representatives of the Union and employers, parties to the Master Agreement. Plaintiffs being present, or former members represented by the defendant, brought this action against the defendant Union under 29 U.S.C. § 185(a) for breach of duty of fair representation.

The theory of their action is that defendant breached its duty of fair representation to them by entering into the working agreement with CF, which plaintiffs allege violated their dovetailing rights under the National Freight Agreement, being the agreement approved on March 21, 1977, by the arbitration panel, the Joint Area Conference, which decided that said Agreement was not in violation of the Master Agreement and approved it. Their original complaint sought relief from CF, as well as the defendant and plaintiffs recently negotiated a settlement with CF and are now seeking compensatory damages against the defendant.

The defendant contends that we are bound by the the decision of *United Parcel Services, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which decided that the timeliness of an unfair representation suit is to be governed by reference to the appropriate state statute of limitations applicable to vacating arbitration awards. In *United Parcel Services, Inc. v. Mitchell, supra,* the Supreme Court held that a New York statute of limitations applicable to an action to vacate an arbitra-

tion award and providing a three-month period (exactly the same as the Ohio statute) applied to a Section 301 action (29 U.S.C. § 185(a)) brought by a discharged employee against an employer and a Union alleging breach of contract by the employer, failure to fairly represent by the Union, and having the effect of vacating a grievance procedure determination in favor of the company.

In the instant case, defendant contends that plaintiffs were aggrieved because the working agreement did not provide for them to be dovetailed into the seniority list of CF when it purchased a portion of the rights of the non-operating Point Express, Inc., in the bankruptcy proceedings December 1976. CF contended that the National Master Freight Agreement did not require to dovetail former employees of a non-operational company such as Point Express. Defendant represented employees of both companies and advised CF that it would have to review the proposed working agreement and ultimately that it would have to be approved by the Joint Area Conference, the arbitration panel. The working agreement proposed by CF to which plaintiffs object was presented to the Joint Area Conference for approval or rejection under the Master Agreement and plaintiffs were aware of the procedure and the significance of the Joint Area Conference and sent their representative to the hearing.

A decision of the Joint Area Conference was issued on or about March 21, 1977, and plaintiffs, through their representative, were advised and had knowledge of the decision. Ohio Rev.Code § 2711.13 provides for a three-month statute of limitation for vacating arbitration awards. Inasmuch as the instant action was filed by the plaintiffs on or about March 30, 1979, if § 2711.13 is applicable, plaintiffs are out of time. We conclude that the thrust of plaintiffs' complaint is that the defendant unfairly represented them by entering into the working agreement and involves the same issues and seeks substantially the same relief which they claim they were denied by the decision of the arbitration panel, the Joint Area Conference in March 1977.

■ Plaintiff argues that *Mitchell* should not be applied retroactively so as to bar this action and deny them "their day in court." There is no rule of law that directs the courts to apply the decision of the United States Supreme Court prospectively only. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Court found that the doctrine of nonretroactivity may be applied in some cases, but it is the exception rather than the rule. *Id.* at 106, 92 S.Ct. at 355. We are of the opinion that the equities in this case balance in favor of adopting the rule announced by the United States Supreme Court in *Mitchell*. We note that the Supreme Court in *Mitchell* found that the three-month statute of limitations for vacation of arbitration awards was applicable in the case before it, even though the parties had not known of their obligation to file their action within that period of time. We make a similar finding in this case under the authority of the action taken by the Supreme Court in *Mitchell* and based on the policy considerations articulated by the Supreme Court in that decision.

■ Accordingly, the Court concludes that § 2711.13 is applicable on the authority of *Mitchell* and that plaintiffs' claim is therefore barred as untimely. *See Lawson v. Truck Drivers, Chauffeurs and Helpers Local No. 100*, C–1–77–324, (U.S.D.C., Hogan, J., October 15, 1981) and *D'Andrea v. American Postal Workers*, C–1–78–520 (U.S.D.C., Spiegel, J., August 15, 1981). Therefore, defendant's motion for summary judgment should be granted because plaintiffs failed to file this action within the time permitted by the applicable statute of limitations § 2711.13, Ohio Rev.Code.

It is hereby ORDERED that judgment be entered for the defendant at plaintiffs' cost.

SO ORDERED.