Donna GARDNER, Plaintiff,

v.

ILLINOIS BELL TELEPHONE COMPA-
NY, COMMUNICATIONS WORKERS
OF AMERICA—DISTRICT 5, AFL–CIO,
and W. C. Button in his individual ca-
pacity as Vice-President of the Commu-
nications Workers of America—District
5, AFL–CIO, Defendants.

No. 82–1097.

United States District Court,
C. D. Illinois,
Peoria Division.

Sept. 30, 1982.

Nile J. Williamson, Peoria, Ill., for plain-
tiff.

Patricia A. Collins, Elk Grove Village, Ill.,
and J. Michael Walls, Adair & Goldthwaite,
P. C., Atlanta, Ga., for Communications
Workers of America—District 5 and W. C.
Button.

Marc Lipton, Chicago, Ill., for Ill. Bell
Telephone.

## MEMORANDUM OPINION

MIHM, District Judge.

### FACTS:

For purposes of this motion to dismiss, the parties take these allegations as true. Donna Gardner, an employee of Illinois Bell and a member of the Communications Workers of America (hereinafter Union), was fired from Bell on February 14, 1979. She attempted to file a grievance to challenge the discharge and took all steps necessary within 30 days. However, the Union failed to investigate the incident or institute any grievance procedure. On April 29, 1982, Gardner filed this lawsuit suing Bell for wrongful discharge (Count I); suing the Union for breach of its duty of fair representation (Count II); and suing W. C. Button, Union Vice-President, in his individual capacity (Count III). Gardner asks for reinstatement and $300,000 damages.

Illinois Bell answered the complaint and raised the statute of limitations as an affirmative defense. Gardner moved to strike this affirmative defense. The CWA also filed a motion to dismiss on the grounds that the suit is time barred by the statute of limitations. Button moved for the dismissal of Count III on the ground that Union officials are not individually liable for the Union's breach of its duty of fair representation.

In addition, Illinois Bell has filed a motion for costs and expenses incurred in opposing Gardner's motion to strike the affirmative defense on the ground that such motion to strike was frivolous and groundless. In turn, Gardner has filed a petition for costs incurred in opposing Bell's motion for costs.

### DECISION AND ORDER:

■ § 301 of the LMRA permits a union employee to sue his employer for wrongful discharge. However, where the union and the employer have agreed to submit disputes to a grievance/arbitration process, the employee must first show that the union has breached its duty of fair representation. *See, Hines v. Anchor Motor Freight Co.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1970). This duty of fair representation is derived from § 301.

■ Congress did not specify which statute of limitations was to govern suits under § 301. Therefore, courts must decide which statute of limitations should govern as a matter of federal law, "by reference to the appropriate state statute of limitations." *Chauffeurs Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1026 (7th Cir. 1980); *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

There is a recent Supreme Court case on this question. In *United Parcel, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that a suit by an employee against an employer under § 301 can be most closely analogized to an action to vacate an arbitration award because the employee must first establish a flaw in the binding grievance procedure before being entitled to reach the merits of his contract claim. Therefore, the Supreme Court applied the state statute of limitations for vacating an arbitration award. The Seventh Circuit followed *Mitchell* in *Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir. 1981), by applying the 90-day Indiana statute for vacating an arbitration award. It is therefore clear that the cases support the application of the 90-day statute of limitations in this case.

■ Illinois' arbitration act provides a 90 day period in which an action must be filed to vacate an arbitration award. Ill.Ann. Stat. Ch. 10, § 112 (Smith-Hurd 1976). This 90 day statute of limitation applies even though § 112(e) states:

"(e) Nothing in this Section or any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is part of or pursuant to a collective bargaining agreement; and the grounds for vacating, modifying, or correcting such an award shall be those which existed prior to the enactment of this Act."

This conclusion rests on the Supreme Court's directive in *Mitchell* that the Federal Court should choose the state statute most closely analogous to a statute of limitation for the vacation of an arbitration award.

Plaintiff argues that the 90-day statute of limitation contained in § 112 is inapplicable because there was never any action taken by the Union to pursue her grievance rights. In response to this objection, this Court agrees with and adopts the reasoning in *Bigbie v. Local 142*, 530 F.Supp. 402, 405 (1981):

> "[I]t is quite irrelevant at what point in the contractual grievance procedure Union's breach of its duty of fair representation has occurred. Whether Union has failed to file any grievance at all (as alleged here) or has failed to represent the employee fairly before the grievance committee (as in *Davidson*) or has failed to appeal from an adverse arbitration decision (as in *Mitchell*) has no significance in relation to the substance of a Section 301 claim: whether Union has breached its duty of fair representation. From the employee's viewpoint a union's refusal to launch the grievance procedure is just as 'final and binding' as a refusal to carry forward a grievance at any point after the procedure has been invoked. What is significant in each situation is that the *Mitchell* Court chose to analogize the action to one vacating an arbitration award, rather than applying the statute of limitations for an action enforcing a written or oral contract. It would be absurd to have a 90-day limitation period in one such situation and a five-year period in another representing the other side of the same coin."

Plaintiff also argues that the use of the 90-day limitation period in this case would constitute an improper retroactive application of a statute of limitation not in existence at the time her cause of action accrued. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court set out three factors for determining whether a judicial decision should apply retroactively. First, the deci-

sion must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the Court must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, the Court must weigh the inequity imposed by retroactive application. *Id.* at 106–107, 92 S.Ct. at 355–356.

■ "The common rule of long standing is that judicial precedents normally have retroactive as well as prospective effect," *Talley v. United States Postal Service*, 532 F.Supp. 786, 790 (D.Minn.1981). Citing *National Ass'n of Broadcasters v. FCC*, 554 F.2d 1118, 1130 (D.C.Cir.1976). There is a heavy burden of proof on the party who seeks to avoid retroactive application.

> "Because prospective-only application is the exception rather than the rule, the party seeking to invoke *Chevron Oil* bears the burden of proving that such limited application is justified. *Jimenez v. Weinberger*, 523 F.2d 689, 704 (7th Cir. 1975), cert. denied, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976). All three of the factors listed in *Chevron Oil* must be shown to favor prospective-only application before a decision will be denied retroactive effect. *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287, 1294 (7th Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976)."

*Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1288–89 (7th Cir. 1980).

■ This Court · is not persuaded that Gardner has carried her burden of proof. The pre-*Mitchell* decisions in the Seventh Circuit do not reflect a "clear past precedent" on the question of the appropriate statute of limitations; *Allen v. McWilliams Electric Co., Inc.*, 494 F.Supp. 53 (N.D.Ill. 1980) (10 years); *Warehouse, Mail Order, Office, Technical and Professional Employees, Local No. 743 v. Carl Gorr Color Card, Inc.*, 512 F.Supp. 213 (N.D.Ill.1981) (5

**180**

years); and *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co. Inc.,* 628 F.2d 1023 (7th Cir. 1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981), (90 days). In addition, retroactive application of the 90 day period set out in *Mitchell* furthers the important federal policy of prompt disposition of labor disputes. *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138, 1144 (S.D.Ohio 1982); and *KIKOS v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO,* 526 F.Supp. 110, 115 (E.D.Mich.1981).

Furthermore, retrospective application will not produce an inequitable result. This is not a case where a plaintiff is prevented from maintaining suit because she narrowly missed the deadline. Gardner's action accrued in February of 1979 and it was more than three years later when she finally filed suit. Gardner had ample opportunity to bring her action and retroactive application of the 90 day period will not produce substantial inequitable results. See *Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1121 (E.D. Md.1982). Finally, the Court notes that the Seventh Circuit applied *Mitchell* retroactively in *Davidson v. Roadway Express,* 650 F.2d 902 (7th Cir. 1981), *cert. denied.* —— U.S. ——, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1982). *See also Service Employees Local 36 v. Office Center Services, Inc.,* 670 F.2d 404 (3rd Cir. 1982); *McCoy v. Local Union No. 100,* 526 F.Supp. 1256 (S.D.Ohio 1981); and *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138 (S.D.Ohio 1982).

Both Union and Bell have filed motions to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. "Where a complaint reveals that some claims are barred from recovery by limitations, they may be disposed of on a motion to dismiss" *Baker v. F & F Investment,* 420 F.2d 1191 (7th Cir. 1970), *cert. denied* 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970). Gardner's entire claim is clearly time-barred. It is therefore ordered that this case is DISMISSED.

Accordingly, the Court need not rule on defendant Button's motion to dismiss Count III. All motions for attorney fees and costs are hereby DENIED because none of the motions complained of are frivolous.