Obed AARSVOLD; Barry Banks; Laurence Beauchene; Ralph Bell; Melvin Bier; Warren Blesi; Eppie Booker as Trustee of the Estate of Ulysses Booker, Jr., Deceased; Mary Brockman; Robert Bursch; Harold Christensen; Maureen Godar; Dorothy Haapala; Gerald Hammer; Albert Harvey; Marina Haydon; Andrew Hjelmeland; John Hogan; Ricky Johnson; Joseph Jordahl; Charles Kobow; John Knodel; Curtis Larson; LeRoy Larson; William Lovegren; Robert Mayer; Gregory McRoy; Rodney Norton; Christopher Nowicki; Burtin Olson; Randal Pederson; Michael Powell; Gary Reck; Frank Rehder; Richard Rossini; Michael Serafin; Vincent Shepard; Elizabeth Sivanich; Gregory Smith; Eugene Theisen; Michael Tomascak; Peter Tomascak; Ed Tytus; Emmal Underwood; Jeffrey Varney, Plaintiffs,

v.

GREYHOUND LINES, INC.; Amalgamated Transit Union; and Amalgamated Transit Union, Division 1150, Defendants.

No. Civ. 4–81–903.

United States District Court, D. Minnesota, Fourth Division.

May 28, 1982.

James E. Lindell, Lowe & Schmidthuber, Minneapolis, Minn., for plaintiffs.

Vance B. Grannis, Jr., Roger N. Knutson, Grannis, Grannis, Campbell & Farrell, P. A., South St. Paul, Minn., for defendant Greyhound Lines, Inc.

Roger A. Jensen, Peterson, Bell & Converse, St. Paul, Minn., for defendant Amalgamated Transit Union.

Robert Latz, Robert Latz, P. A., Minneapolis, Minn., for defendant Amalgamated Transit Union, Division 1150.

MacLAUGHLIN, District Judge.

This action involves a claim for a breach of a collective bargaining agreement. The plaintiffs were employed by defendant Greyhound Lines at the time of the event which led to this lawsuit. The plaintiffs were members of the Amalgamated Transit Union (ATU) and Amalgamated Transit Union, Division 1150 (Division 1150). ATU had negotiated a collective bargaining agreement with Greyhound which was due to expire on October 31, 1980. The agreement was extended in the course of negotiations for a new agreement, but the extension would terminate upon a 24-hour strike notice to Greyhound. On December 2, 1980, Greyhound union employees rejected a proposed new contract. Notice of a strike to

commence on December 5, 1980, was sent to Greyhound. On December 4, 1980, ATU entered into another agreement with Greyhound to extend the old bargaining agreement. The plaintiffs allege that they were not informed of and did not approve the new extension. On December 5, 1980, many members of local branches of ATU, including members of Division 1150, went on strike or refused to report to work as scheduled. The plaintiffs here are some of the employees who went on strike. Greyhound fired the plaintiffs, asserting that there was just cause for doing so because the employees engaged in a strike prohibited under the preexisting bargaining agreement.

The plaintiffs filed grievances through Division 1150 representatives protesting their discharges. Greyhound representatives held hearings on the grievances in January, 1981. The grievances were denied. The plaintiffs allege that ATU and Division 1150 failed to represent the plaintiffs fairly and in good faith. Division 1150 submitted to a vote of union members the question of whether to take the plaintiffs' grievances to arbitration. The vote was negative. The plaintiffs claim that the failure to take their grievances to arbitration was a further breach of the duty of fair representation and denied them full recourse to their administrative remedies.

A new contract between ATU and Greyhound was reached after the plaintiffs lodged complaints against Greyhound with the NLRB in March, April and May of 1981. These complaints were denied in late August, 1981. The instant lawsuit was begun on November 24, 1981.

The matter is now before the Court on Greyhound's motion for summary judgment. Defendants Division 1150 and the ATU have joined in Greyhound's motion. The defendants argue that the cause of action is barred by Minnesota's 90-day statute of limitations on actions to vacate arbitration awards. For the reasons stated herein, summary judgment will be granted.

## DISCUSSION

The plaintiffs' section 301 claim involves the contention that the union defendants failed to utilize to the fullest extent the employees' remedies under the collective bargaining agreement, thereby breaching the duty of fair representation. Claims for breach of this duty may arise when a union either refuses to process or perfunctorily processes an employee's claim against the employer. A union may breach its duty of fair representation by refusing to process a grievance through the level of arbitration, but only if the refusal was in bad faith. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 566–67, 96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 188–193, 87 S.Ct. 903, 915–918, 17 L.Ed.2d 842 (1967). The plaintiffs have alleged a bad faith refusal to take their grievances to arbitration. Thus, the plaintiffs' complaint presents a common garden variety action for breach of the duty of fair representation. However, it must be remembered that actions for breach of the duty of fair representation are attempts to override the grievance machinery established in the collective bargaining agreement. In the usual situation, the grievance machinery culminates in arbitration and is the final and exclusive means for resolving disputes between employers and employees.

Minnesota law provides that suits to vacate arbitration awards must be brought within 90 days of receipt of such awards. Minn.Stat. § 572.19, subd. 2, provides:

An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known.

The issue is whether this 90-day statute of limitations applies to this case.

In *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the United States Supreme Court held that New York's 90-day statute of limitations for vacating arbitration awards

applied to a suit attempting to overturn the decision of an arbitration panel established in a collective bargaining agreement to resolve labor grievances. Mitchell, the employee, was fired from his job in January, 1977. He filed a grievance through his union, and the matter was submitted to a Joint Panel. After a hearing in February, 1977, the Joint Panel upheld the discharge. Seventeen months later, the employee brought an action in federal district court claiming that the union had breached its duty of fair representation and that the employer had improperly discharged him. The district court ruled that New York's 90-day statute of limitations for actions to vacate arbitration awards applied to the case and granted summary judgment for the defendants. The Second Circuit reversed, holding that the six-year limitations period for breach of contract was the applicable statute of limitations. The United States Supreme Court reversed the Second Circuit, ruling that the district court correctly applied the 90-day limitations period. The Supreme Court held that an action for breach of the duty of fair representation is more analogous to an action to vacate an arbitration award than an action for breach of contract.

The plaintiffs attempt to distinguish *United Parcel Service* by arguing that it applies only when the grievance machinery has been utilized to the final step of arbitration. They contend that because the unions here did not take the last step of submitting the plaintiffs' grievances to arbitration, the holding of *United Parcel Service* does not apply. However, the Supreme Court characterized the issue before it broadly, stating: "We are called upon in this case to determine which state statute of limitations period should be borrowed and applied to an employee's action against his employer under § 301(a) of the [LMRA] and *Hines v. Anchor Motor Freight, Inc.* ...." 451 U.S. at 58, 101 S.Ct. at 1561.[1]

The plaintiffs' argument holds some initial appeal. It appears harsh to prohibit a person from challenging an arbitration award if the person's claim is that his or her own representative failed to bring the grievance to the highest level of arbitration. However, this seeming paradox is present in any section 301(a) suit containing an allegation that the union breached its duty of fair representation. Any breach of the duty of fair representation undercuts the foundation of the grievance process. A failure to process a grievance to a higher level of arbitration is merely one way that a union can breach its duty of fair representation. There is no apparent reason to draw a distinction for statute of limitations purposes between a union that arbitrarily refuses to process a member's grievance to the highest level and a union that goes through the motions of processing a grievance to the highest level but does so in bad faith. *See Dreher v. Crown Zellerbach Corp.*, No. 80-185LE (D.Ore.1982); *Fields v. Babcock & Wilcox*, No. 81-385 (W.D.Pa. 1981).

Based on the foregoing, it is the judgment of the Court that Minnesota's 90-day statute of limitations on actions to vacate arbitration awards is the statute most nearly analogous to the plaintiffs' claim.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment be, and hereby is, granted.

---

1. The Supreme Court indicated that the plaintiff's characterization of his lawsuit was not of controlling significance; rather, the effect of the action must be determined.

   Although respondent did not style his suit as one to vacate the award of the Joint Panel, if he is successful the suit will have that direct effect. Respondent raises in his § 301 action the same claim that was raised before the Joint Panel—that he was discharged in violation of the collective-bargaining agreement. He seeks the same relief he sought before the Joint Panel—reinstatement with full backpay. In sum, "it is clear that [he] was dissatisfied with and simply seeks to upset the arbitrator's decision that the company did not wrongfully discharge him." 451 U.S. at 61, 101 S.Ct. at 1563. In this case, the plaintiffs raise the same claim as was raised in their grievances—that they were wrongfully discharged. They also seek the same relief as was sought in their grievances—reinstatement with seniority rights, plus damages, presumably for lost wages.

LET JUDGMENT BE ENTERED AC-
CORDINGLY.