545 F.Supp. 1019 (1982)
Virginia A. WILCOXEN, Plaintiff,
v.
KROGER FOOD STORES, a/k/a Kroger Company, et al., Defendants.
No. 82-400C(2).
United States District Court, E. D. Missouri, E. D.
August 18, 1982.
*1020 Edward L. Welch, Edwardsville, Ill., Doris Black, St. Louis, Mo., for plaintiff.
Fred A. Ricks, Jr., John P. Emde, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on the motions of defendants Kroger Company and Local Union No. 88 for summary judgment. The defendants assert that they are entitled to judgment as a matter of law because there are no remaining issues of material fact relating to their defense of statute of limitations.
Plaintiff's cause of action arises out of her employment as a meat wrapper by defendant Kroger. She is bringing this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendant Kroger and defendant Local No. 88 were at all relevant times parties to a collective bargaining agreement covering certain of Kroger's employees including the plaintiff. In the complaint, the plaintiff alleges that she worked for Kroger on a permanent basis from November of 1978 to January of 1981. After this period of time, Kroger employed the plaintiff intermittently, although the defendant hired the plaintiff to work seven consecutive forty-hour weeks in May of 1981. Subsequently, the plaintiff requested status as a permanent employee; this request was denied by Kroger on the ground that the plaintiff had executed an "extra help form" which precluded her from ascertaining that status, pursuant to the collective bargaining agreement. The plaintiff protested this decision to defendant Local Union No. 88, claiming that she never executed the form. The Union filed a grievance on plaintiff's behalf which was summarily denied by defendant Kroger. Subsequently, the Union presented plaintiff's grievance to the Executive Board, which also denied the grievance. The plaintiff alleges that the failure of Kroger to grant her request and the denial of her grievance by the Union resulted in the violation of her rights under the collective bargaining agreement and a breach of defendant Local Union's duty of fair representation. She further alleges that she is entitled to reinstatement as a meat wrapper on a permanent basis, in addition to all the rights and benefits accompanying that status.
In response to the plaintiff's complaint, the defendants have filed motions for summary judgment in which they assert that the relevant statute of limitations had passed, and therefore the plaintiff is barred from bringing this cause of action. The defendants allege that the plaintiff's cause of action accrued on August 25, 1981 when the President of the Union advised her that the Executive Board had denied her grievance. This action was not filed until March 18, 1982. The defendants contend that the appropriate state statute of limitations to be applied in a suit brought pursuant to Section 301, Labor Management Relations Act, 29 U.S.C. § 185, against an employer and union for their respective breaches of collective bargaining agreement and breach of duty of fair representation is the state statute of limitations for setting aside an arbitration award. The defendants argue that under the appropriate Missouri statute, Mo.Rev.Stat. § 435.120, the plaintiff failed to file this action within the requisite period of time and therefore this action should be dismissed.
In response to the defendants' arguments, the plaintiff contends in the absence of final arbitration award the applicable Missouri statute of limitations is the statute for actions on written contracts, which allows a party to bring an action within five years from the date of accrual. In addition, *1021 the plaintiff argues that her cause of action did not accrue until she discovered that defendant Union breached its duty of fair representation.
When Congress enacted § 301 of the Labor Management Relations Act it did not provide a statute of limitations to govern actions brought pursuant to this section. Therefore, the timeliness of suits is governed by the appropriate state statute of limitations. United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). Previously, the Eighth Circuit held that the applicable statute of limitations in a suit against an employer for breach of a collective bargaining agreement and a union for breach of its duty of fair representation was Mo.Rev.Stat. § 516.120 which provides that all actions on written contracts commence within five years. Butler v. Local U. 823, Int. Bro. of Teamsters, 514 F.2d 442 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). However, this rule was changed by the Supreme Court in United Parcel Service, Inc. v. Mitchell, supra. In that case, the court reasoned that an action brought pursuant to § 301(a) of the Labor Management Relations Act was more analogous to a suit for vacation of an arbitration award than a suit for breach of contract. Therefore, the court held that the appropriate limitations period in an action under § 301 against both an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation is the period during which a party could move under state law for vacation of an arbitration award. The policy behind the court's decision is that there should be a rapid disposition of labor disputes. Therefore, it necessarily follows that the existence of a final and binding arbitration award is irrelevant. The principles of United Parcel Service, Inc. v. Mitchell, supra, apply even if the grievance is terminated prior to final arbitration. Stahlman v. The Kroger Co., 542 F.Supp. 1118 (D.C.Mo.1982); Fields v. Babcock & Wilcox, 108 LRRM 3150, 3151 (W.D.Pa. 1981).
It is undisputed that the plaintiff received notification from the President of the Union that her grievance had been presented to the Union Executive Board and denied on August 25, 1981. Therefore her cause of action against the defendants accrued on that date. Butler v. Local U. 823, Int. Bro. of Teamsters, supra, 514 F.2d at 449; Stahlman v. The Kroger Co., 542 F.Supp. 1118 (D.C.Mo.1982). However, the plaintiff did not bring this cause of action until March 18, 1982. It necessarily follows that the Missouri statute of limitations, which governs the vacation of arbitration awards,[1] bars the plaintiff from pursuing her cause of action.
Accordingly, the motion of the defendants for summary judgment will be granted.
NOTES
[1] The defendants suggest that there are two possible statute of limitations that govern vacation of arbitration awards that may apply under the facts of this case because a new collective bargaining agreement was entered into by the parties on July 26, 1981. However either statute, Mo.Rev. § 435.120 or § 435.405, would bar the plaintiff's suit. Therefore it is unnecessary to decide which statute applies.