548 F.Supp. 420 (1982)
Paul ARROW, Plaintiff,
v.
PULITZER PUBLISHING CO., and St. Louis Typographical Union, Local No. 8, Defendants.
No. 82-0831-C(5).
United States District Court, E. D. Missouri, E. D.
September 9, 1982.
*421 Edwin P. Harrison, Jr., St. Louis, Mo., for plaintiff.
Michael P. Casey, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., Jeffrey E. Hartnett, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for defendants.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on motions for summary judgment filed by the defendants.
Paul Arrow commenced this action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, seeking lost wages, vacation credits, pension benefits, and seniority. Arrow claims that those losses are the result of the defendant Pulitzer Publishing Company's (Pulitzer) breach of a collective bargaining agreement and a breach of a duty of fair representation by the defendant, St. Louis Typographical Union, Local No. 8 (the Union).
At the relevant times herein, Arrow was a resident of the State of Missouri. Pulitzer is a corporation with its principal place of business in St. Louis, Missouri, and an employer within the meaning of 29 U.S.C. § 185. The Union is a labor organization within the meaning of 29 U.S.C. § 185 and has its principal place of business in the State of Missouri.
Arrow asserts that the Union failed to adequately represent him in several grievance proceedings. Arrow states that since May, 1980, he has filed numerous grievances *422 with the Union claiming breach of a collective bargaining agreement by Pulitzer, but the Union handled the grievances in a "perfunctory, discriminatory and capricious" manner. Three grievance filings are the subject of this litigation  an incompetency grievance, a funeral pay grievance, and a personal lay-off grievance. Pulitzer and the Union initiated the arbitral process for the incompetency and personal lay-off grievances but settled on those issues prior to the conclusion of those proceedings. The Union did not seek arbitration for the funeral pay grievance for tactical reasons.
The defendants have filed motions for summary judgment with supporting affidavits, asserting, inter alia, that Arrow's claims arising from the incompetency and funeral pay grievances are barred by the applicable statute of limitations. Defendants also argue that Arrow's claim arising from the personal lay-off grievance raises no justiciable issue because Pulitzer never took any disciplinary action against its employees concerning this matter and that Pulitzer and the Union have already settled that dispute. After viewing the record before the bench and the applicable law in this matter, the Court agrees with the defendants' position and dismisses this action with prejudice for the following reasons.
The Supreme Court has ruled that the timeliness of a § 301 suit is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Thus, the threshold question is which Missouri statute of limitations applies.
Where an action, such as the instant one, is brought pursuant to § 301 of the LMRA, the indispensible predicate for such an action is the demonstration that the Union breached its duty of fair representation. Arrow must show that the Union's duty to represent him fairly at the arbitration proceedings has been breached before he is entitled to reach the merits of his breach of the collective bargaining agreement claim. United Parcel Service v. Mitchell, 451 U.S. at 62, 101 S.Ct. at 1563-64. Thus, the statute of limitations period appropriate for the case at bar is the one applicable for the vacation of arbitration awards. 456 U.S. at 62, 101 S.Ct. at 1564. It is of no consequence that the Union and Pulitzer settled their disputes prior to actual arbitration. Fields v. Babcock and Wilcox, 108 L.R.R.M. 3150 (W.D.Pa.1981). As will be discussed later herein, the limitations period will vary according to the particular grievance at issue but, nevertheless, will bar Arrow's claims in this action arising out of the incompetency and funeral pay grievances.
Prior to September, 1981, Mo.Rev.Stat. § 435.120[1] governed the limitations period within which an employee had to move for vacation of an arbitration award or settlement. Under § 435.120 parties to disputes arising under collective bargaining agreements effective before September, 1981, had to seek vacation of any resolution at the next circuit court term as provided by Mo.Rev.Stat. 478.205.[2]
*423 Missouri enacted the Uniform Arbitration Act[3] effective September, 1981. Under the Arbitration Act, parties to disputes arising under collective bargaining agreements effective after the Act's effective date in September, 1981, now have 90 days to seek vacation of an adverse settlement.
The incompetency grievance arose under the collective bargaining agreement that was effective from September 1, 1978 to August 31, 1981. Thus, Arrow had until the next circuit court term to move to vacate the settlement between Pulitzer and the Union.
The incompetency grievance arose from a typing test that Pulitzer instituted for employees of its Operation Department. The employees had to achieve a typing level of 60 words per minute to remain in that department. Arrow, among others, did not achieve the requisite level. That result precipitated the filing of several grievances questioning the fairness and the necessity of the typing test. The matter was submitted to arbitration but settled before the conclusion of the proceedings. As part of the settlement, the Union withdrew all grievances. The uncontradicted record shows that Arrow was advised of the decision to withdraw his grievance in a letter dated January 29, 1982. The withdrawal was effective February 3, 1982. The next court term for the circuit courts was the second Monday in May,[4] May 10, 1982. Arrow filed this action on May 25, 1982. Thus, the issue of the incompetency grievance is time barred.
Arrow's claim concerning the funeral pay grievance is similarly time barred. Basically, Arrow sought payment for days he was absent while attending his former sister-in-law's funeral. That claim arose under the collective bargaining agreement effective from September 1, 1982 to February 28, 1985. The provisions of the Arbitration Act are applicable to the funeral pay grievance. Therefore, Arrow had 90 days from the date he received notice of the adverse determination to file the present claim. The uncontroverted statements in the record show that the Union settled this grievance on December 10, 1981. The record also shows that Arrow very likely received notice of that settlement in that same month. Thus, at best, Arrow had until the end of March or the beginning of April, 1982 to file his claim concerning the funeral pay grievance. Clearly, May 25, 1982 was too late.
Defendants' motions for summary judgment argue that Arrow's complaint relative to the personal lay-off grievance should be dismissed on the merits.
Arrow alleges that Pulitzer threatened its journeymen with disciplinary action for excessively utilizing the personal lay-off provision[5] of the collective bargaining agreement. Arrow is a substitute who replaces the journeymen when section 1.6 is invoked. Thus the threat of disciplinary action indirectly affected Arrow.
As a result of the threatened discipline, grievances were filed against Pulitzer's interpretation of section 1.6. Pulitzer and the Union negotiated the matter until ultimately Pulitzer withdrew any attempt to hold anyone excessively absent for utilizing the personal lay-off provision. There is no evidence in the record that Pulitzer actually *424 disciplined an employee for excessive absenteeism.
The Court has difficulty discerning the basis for Arrow's complaint concerning the personal lay-off grievance. It appears from the record that Pulitzer's alleged misconduct fell short of fruition due to assiduity of the Union (defendants' exhibits 19 through 22). Arrow has offered nothing in the record that reflects a contrary sequence of events surrounding the personal lay-off grievance and, therefore, the defendants' motions are also granted on this point.
Accordingly, the defendants' motions for summary judgment are granted.
NOTES
[1] Motion to vacate award, when made
Every such application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of the award, upon at least ten days' previous notice, in writing, to the adverse party, if there be time for that purpose; and if there be not time, such court or the judge thereof may, upon good cause shown, order a stay of proceedings upon the award, either absolutely or upon such terms as shall appear just, until the next succeeding term of court.
[2] § 478.205 provides in part

Circuit court, continual session  when term required, time commencing
The circuit court of each county and in the city of St. Louis shall be considered as being in continual session, and it shall not be necessary for a term or special term of any such court to be convened or held for such court or the judges thereof to conduct the business of the court with respect to any case or matter before the court. To the extent that a term of a circuit court may be required or specified by any provision of law, terms of each circuit court of the state shall be considered as commencing on the second Mondays in February, May, August and November of each year.
[3] The pertinent part of the Uniform Arbitration Act is Mo.Rev.Stat. § 435.405 which provides:

2. An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known.
[4] The Court assumes that the circuit courts' February court term was not calculable in the time within which Arrow had to file his claim under § 435.120.
[5] Section 1.6 of the collective bargaining agreement provides

Any journeymen covering a situation is entitled to and may employ in his stead, whenever so disposed, any competent journeymen without consultation or approval of the foreman.