553 F.Supp. 684 (1982)
Earl L. GARVIN, Plaintiff,
v.
POSTMASTER, UNITED STATES POSTAL SERVICE, et al., Defendants.
No. 81-1481C(2).
United States District Court, E.D. Missouri, E.D.
December 9, 1982.
Ronald Rothman, Clayton, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Susan R. Klavens, Washington, D.C., for U.S. Postal.
*685 Clyde E. Craig, St. Louis, Mo., Arthur M. Luby, Washington, D.C., for American Postal Workers Union.

MEMORANDUM
NANGLE, District Judge.
This case is now before this court on the motions of the defendants for summary judgment. Both of the defendants contend that there are no genuine issues as to any material facts and therefore, they are entitled to judgment as a matter of law.
The plaintiff's cause of action arises out of his employment and subsequent discharge from the United States Postal Service. It is clear from the record that the plaintiff was discharged from the Postal Service on February 11, 1977, after he was found guilty of mail fraud. Subsequently, on November 14, 1977, the adverse verdict was reversed and the plaintiff was reinstated without back pay on February 3, 1978 pursuant to a settlement agreement negotiated by defendants United States Postal Service and the American Postal Workers Union. In his complaint, the plaintiff alleges that the defendant United States Postal Service discriminated against him on the basis of sex and race by discharging him after his conviction and by reinstating him without back pay. The plaintiff contends that he received different treatment than similarly situated female and white employees. He further alleges that the defendant American Postal Workers Union failed to represent him adequately which resulted in his reinstatement without back pay.
In response to the plaintiff's complaint, both defendants have filed motions for summary judgment alleging that there are no material issues of fact remaining, and therefore, summary judgment is appropriate under the circumstances presented by the facts of this case. In support of its motion to dismiss, the defendant United States Postal Service contends that the plaintiff is barred from pursuing his claim of discriminatory discharge because he failed to exhaust his administrative remedies. In addition, this defendant argues that the plaintiff's claim of discrimination based upon his failure to receive back pay must be dismissed for two reasons: first, the defendant United States Postal Service alleges that the plaintiff has failed to make a prima facie case of discrimination regarding his reinstatement because the United Postal Service official involved in settling the grievance was unaware of the plaintiff's race; second, the plaintiff's objections to the terms of his reinstatement are barred because he entered into a settlement agreement to which he consented and had knowledge of the terms.
The defendant American Postal Workers Union also has moved for summary judgment, alleging that there are no material issues of fact remaining. The defendant contends that any claim that the Union breached its duty of fair representation is barred by the relevant statute of limitations. Furthermore, this defendant asserts that the plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"] against the American Postal Workers Union, and therefore the plaintiff is barred from bringing this action in district court against the Union.
In response to the defendants' motions for summary judgment, the plaintiff asserts that material issues of fact remain and therefore summary judgment would be inappropriate under the facts of this case. In an attempt to answer the issues raised by the defendant United States Postal Service's motion, the plaintiff states in an affidavit that "to the best of his knowledge" he filed a complaint with the EEOC after his discharge. In support of this contention he includes as an exhibit a letter from the EEOC Counselor; however, the formal complaint of discrimination or a copy has not been included by the plaintiff in the record. The plaintiff also argues that a prima facie case of discrimination has been established successfully. The plaintiff argues that officials involved in the settlement of his grievance were aware of his race. Finally, it is the contention of the plaintiff that it is questionable whether the settlement of his grievance was voluntary; *686 he argues that due to his financial situation he had no reasonable alternative at the time of the settlement. In response to the defendant American Postal Workers Union's motion for summary judgment, the plaintiff argues that charges of discrimination against the Union were filed and therefore he is at liberty to pursue this action against the Union in district court.
Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule has been interpreted by courts to require the facts to be construed in the light most favorable to the party opposing the motion. Vette Company v. Aetna Casualty & Surety Company, 612 F.2d 1076, 1077 (8th Cir.1980). This court recognizes that the summary disposition of a case is an extraordinary measure. However, in light of the entire record, it seems evident that the defendants' motions have merit and therefore the plaintiff's complaint must be dismissed.
The first issue raised by the defendant United States Postal Service's motion is whether the plaintiff is barred from pursuing his claim of discriminatory discharge because he failed to exhaust his administrative remedies. Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 proscribes federal employment discrimination and provides the exclusive judicial remedy for claims of discrimination in federal employment. Brown v. GSA, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). 29 C.F.R. § 1613.214(a)(1) provides the procedures that a complainant must follow in order to file a claim of discrimination with the EEOC. The regulation provides that an employee must file an administrative claim of discrimination with the agency "within 30 calendar days of the date of that matter, or if a personnel action, within 30 calendar days of its effective date." The Supreme Court has held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. TWA, ___ U.S. ___, 102 S.Ct. 1127, 1129, 71 L.Ed.2d 234 (1982). The court also had rejected the argument that the filing requirement should be tolled when a plaintiff pursues a grievance procedure. Zipes v. TWA, 102 S.Ct. at 1131 citing Electrical Workers v. Robbins & Myers, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). The plaintiff in this action has failed to argue that the time period for the filing of a claim of discrimination with the EEOC should be tolled. The only response to the defendant United States Postal Service's argument is that "to the best of his knowledge" a complaint was filed after his discharge. In addition, in response to the defendant United States Postal Service's motion, the plaintiff submitted a letter from the EEOC Counselor, whom he contacted pursuant to 29 C.F.R. § 1613.214(a)(1). However, the plaintiff has failed to demonstrate that he filed a formal complaint of discrimination with the agency within "fifteen calendar days of the date of his final interview with the Equal Employment Opportunity Counselor." 29 C.F.R. § 1613.214(a)(1). On the basis of the record, this court must conclude that the plaintiff never filed a formal complaint of discrimination with the agency, which is a procedural prerequisite to a civil action in district court. Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Therefore, the plaintiff's charges of discrimination based upon his discharge must be dismissed for failure to exhaust his administrative remedies.
The final arguments for dismissal asserted by the defendant United States Postal Service relate to the plaintiff's claim that the defendants discriminated against him on the basis of sex and race by reinstating him without back pay.[1] It is the contention *687 of the defendant that the plaintiff voluntarily settled his claim and therefore waived his right to bring a Title VII cause of action. The defendant asserts that the question of back pay was considered by the parties during settlement discussions.
In determining the effectiveness of a waiver of a cause of action under Title VII, the essential question is whether a complainant's consent to the settlement was voluntary and knowing. Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The importance of encouraging settlements was recognized by the court in Strozier v. General Motors Corp., which held that a plaintiff who entered into a settlement agreement, knowingly and voluntarily, could not request additional monetary relief merely because he became dissatisfied with the amount he agreed to accept in the settlement as compensation for his claim. 635 F.2d 424, 426 (5th Cir.1981). The court concluded that the settlement foreclosed the right of the complainant to further litigate his claims.
This court cannot over emphasize the importance of encouraging the voluntary settlement of disputes. Furthermore, it necessarily follows that the potential settlement of disputes would be undermined largely, if courts did not attempt to protect parties who entered into settlements and faithfully followed the terms of those settlements. See United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826 (5th Cir.1975) cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). The plaintiff in this cause of action claims that his agreement to the terms of the settlement was not voluntary because he was suffering economic difficulties at the time of the negotiations. Nonetheless, the plaintiff received benefits through the execution of this agreement and had knowledge of its terms before he agreed to its terms. In fact, it is clear from the records that the parties did not consummate the agreement until ten days after the plaintiff was apprised of its terms. There are no allegations on the part of the plaintiff that the defendants misrepresented the terms of the settlement or deceived the plaintiff. Thus, this court must conclude that the plaintiff's assent to the agreement was voluntary and knowing[2] and the plaintiff is barred from objecting to its terms at this time. The claims against the defendant United States Postal Service therefore will be dismissed.
The final questions that must be addressed are raised in the defendant American Postal Workers Union's motion for summary judgment. This defendant contends that any claim that the Union breached its duty of fair representation is barred by the relevant statute of limitations. The plaintiff has failed to respond to *688 this argument and it is clear that the defendant may be credited with a correct reading of the law. The Supreme Court has recently held that the applicable state statute of limitations for an action against a union for a breach of its duty of fair representation is the state statute for vacating an arbitration award. United Postal Service v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The existence of a final arbitration award is irrelevant to the application of this rule. Wilcoxen v. Kroger Food Stores, 545 F.Supp. 1019 (2) (E.D.Mo.1982). It necessarily follows that the plaintiff's cause of action is barred by the relevant Missouri statute of limitations. Mo.Rev.Stat. § 435.120. Furthermore, it already has been established that the plaintiff has waived his claim of discrimination with respect to the terms of the settlement to which he voluntarily agreed. Therefore the claims against defendant American Postal Workers Union will be dismissed.
Accordingly, the motions of the defendants for summary judgment will be granted and this action will be dismissed.
NOTES
[1] The defendant contends that the plaintiff's claim of discrimination based upon his failure to receive back pay must be dismissed for two reasons: first, the plaintiff failed to make a prima facie case of discrimination regarding his reinstatement; second, the plaintiff is barred from asserting his objections to the terms of the agreement because he entered into the settlement agreement voluntarily and knowingly. It is unnecessary to reach the former issue because this court believes that the plaintiff knowingly consented to the terms of the settlement and therefore is barred from objecting to the agreement through the initiation of this suit.
[2] In Alexander v. Gardner-Denver Co., the Supreme Court stated that the effectiveness of a waiver of a cause of action under Title VII was dependent upon whether the employee's consent to the settlement was "voluntary and knowing." 415 U.S. at 52 n. 15, 94 S.Ct. at 1021 n. 15. The analysis used by the Supreme Court to determine whether there has been an effective waiver of a constitutional right may be a helpful analogy for the purpose of determining the validity of the plaintiff's waiver. In Johnson v. Zerbst, the Supreme Court held that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver ... must depend, in each case, upon the particular facts and circumstances surrounding that case ..." 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937). Applying this standard to the facts of the present case, it seems clear that the plaintiff's waiver is valid. The plaintiff had knowledge of the terms of the settlement agreement prior to its execution. He had a number of days to consider its terms and implications. The plaintiff resumed his employment with the defendant United States Postal Service and accepted compensation for his services. The plaintiff does not claim that he was unaware of the terms of the agreement or that he was deceived by the defendant. Therefore it must be assumed that his assent was voluntary.