James Milford COLLINS, Plaintiff,

v.

AMERICAN FREIGHT SYSTEM, INC. and Local Union 41, Over-the-Road Drivers, Helpers, Dockmen and Warehousemen, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

No. 81–1062–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

Feb. 11, 1983.

On Motion for Reconsideration
March 22, 1983.

James R. Anderson, Kansas City, Mo., for plaintiff.

Steven A. Fehr, Janae L. Schaeffer, Robert Harrop, Kansas City, Mo., for defendants.

## OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

This cause pends on the motions for summary judgment filed by defendants. In his original complaint,[1] plaintiff alleges a cause of action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Both defendants assert that plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff is a resident of Missouri. Defendant American Freight System, Inc., (American) was, at all relevant times, a corporate entity duly organized and doing business in Missouri and an "employer" within the meaning of the Labor Management Relations Act. Defendant Local Union 41 (Union) is a "labor organization" within the meaning of the Act, and is the exclusive bargaining representative for a unit of the employees of American.

Plaintiff was employed by American from approximately May 26, 1965, to and including January 26, 1979. On January 26, he was discharged by American. Plaintiff

---

1. Plaintiff has filed a motion for leave to file an amended complaint. That motion will be ruled later in this Opinion and Order.

was a member in good standing of Union at the time of his discharge. A grievance was filed on June 29, 1979, protesting plaintiff's discharge. On or about June 12, 1979, plaintiff's grievance was heard before the Joint Area Grievance Committee,[2] and he was orally informed at that time that his grievance was denied. Plaintiff alleges that on some date subsequent to June 30, 1979, he was informed by Union that they would not further proceed with his grievance. He filed the present suit on December 29, 1981.

The complaint asserts that American breached the applicable collective bargaining agreement in his discharge and that Union failed to fully and fairly represent him in the processing of his grievance on his discharge. Defendants argue that plaintiff's claims are time-barred. This Court must determine which statute of limitations applies to the claims against defendants and at what time the statute began to run.

### Action Against the Employer

■ Plaintiff's cause of action against his employer, American, is directly provided for in § 301, Labor Management Relations Act. Congress did not provide a statute of limitations for the actions, however, and the United States Supreme Court has held that in such actions the timeliness of a § 301 suit is to be determined by reference to the appropriate state statute of limitations. *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966).[3]

The parties are all Missouri entities and the cause of action was filed in Missouri. This Court must, then, look to the Missouri statutes to determine the time limitations

on plaintiff's claims.[4] The United States Supreme Court recently addressed the statute of limitations issue in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell,* plaintiff brought an action against his former employer under § 301, Labor Management Relations Act, 29 U.S.C. § 185.[5] The plaintiff argued that the appropriate statute of limitations was that provided in the New York laws for contract actions. The Court recognized the merit in plaintiff's argument but decided that the appropriate statute of limitations was the six-month limit for actions brought to vacate an arbitration award and not the two-year limit for actions on contracts. In reaching the decision, the Court agreed that the claim against the employer was somewhat a claim in contract but stated,

> [The] unfair representation claim made by an employee against his union, even though his employer may ultimately be called upon to respond in damages for it if he is successful, is more a creature of "labor law" as it has developed since the enactment of § 301 that it is of general contract law.

*United Parcel Service v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981). Citing *Hoosier Cardinal,* the Court stressed that "one of the leading federal policies is the 'relatively rapid disposition of labor disputes.'" *Id.*

Prior to *Mitchell,* it was generally held that the appropriate statute of limitations in Missouri was the five-year contract limit provided in § 516.120, Revised Statutes of Missouri. *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514

---

**2.** The plaintiff and defendants disagree about the composition of the Committee.

**3.** Defendant Union argues that the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), for claims of unfair labor practices, is the appropriate statute of limitations. This contention will be discussed *infra.*

**4.** Although plaintiff offers alternative limitation periods for the action against the union in his suggestions in opposition to the motions for

summary judgment, he does not suggest what statute of limitations he believes is applicable to the action against the employer.

**5.** The plaintiff in *Mitchell* had originally sued both his employer and his union for failure to represent him but only the employer appealed the decision to the Supreme Court. Accordingly, the Court only directly addressed the issue of the timeliness of the action for the employer action.

F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Lincoln v. District 9 of the International Association of Machinists,* 539 F.Supp. 1346, 1347, 1348 (E.D.Mo.1982). Missouri, however, also has a statute of limitations concerning actions brought to vacate an arbitration award. This limit is set out in § 435.120, RSMo. That statute provides, "Every ... application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of the award." [6] Section 478.205 sets out that the state circuit court terms commence on the second Monday of February, May, August and November. Since the Supreme Court's holding in *Mitchell,* the United States District Court for the Eastern District of Missouri on four occasions has held that the limitation set out in § 435.120 for vacating arbitration awards is the appropriate limitation for actions brought under § 301 against both the union and the employer. *Arrow v. Pulitzer Publishing Co.,* 548 F.Supp. 420 (E.D.Mo. 1982); *Wilcoxen v. Kroger Food Stores,* 545 F.Supp. 1019 (E.D.Mo.1982); *Stahlman v. Kroger Co.,* 542 F.Supp. 1118 (E.D.Mo. 1982); *Lincoln v. District 9 of the International Association of Machinists,* 539 F.Supp. 1346 (E.D.Mo.1982).

Plaintiff argues that the Missouri arbitration statute of limitations is not applicable, at least in his case, because the statute requires that the arbitration award be in writing, subscribed by the arbitrator making the same and attested by a subscribing witness. Plaintiff asserts that he never received a written arbitration award. He further argues that there were many other ways in which the procedures and award of the Joint Area Grievance Committee failed to meet the requirements of a valid arbitration award under the Missouri statute. Accordingly, the procedural matters, including the statute of limitations, of the Missouri statute are inapposite.

A very similar argument was raised and rejected in *Mitchell.* The Court pointed out that the fact that the plaintiff in that cause could not have brought an action under the state law did not mean that the § 301 claim, which if successful would have the same effect, was not "closely analogous" to the state action. 451 U.S. at 61 n. 3, 101 S.Ct. at 1563 n. 3. *See, Johnson v. Railway Express Agency,* 421 U.S. 454, 462–466, 95 S.Ct. 1716, 1721–1723, 44 L.Ed.2d 295 (1975). Although plaintiff may not have been able to bring an action under the Missouri statute because his facts do not exactly fit the state requirements, this does not mean that the § 301 claim is not "closely analogous" to the state action and the limitation period of the statute should not be borrowed.

In accordance with the above discussion, the Court finds that the appropriate statute of limitations period in the plaintiff's action under § 301 against the employer is that provided in the Missouri statute for vacating an arbitration award, RSMo § 435.120.

*Action Against the Union*

Plaintiff asserts that the proper statute of limitations for an action against the union is the five-year limitation period in Missouri for negligence actions, RSMo § 516.-120. The Eighth Circuit has addressed this argument and, despite the merits of the argument, the court held that the tort limitation period was not appropriate. *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d 442, 448 (8th Cir.1975). Instead, the Court ruled that the appropriate statute of limitations was the same for suits against the union as it was for suits against the employer—the limitation on actions in contract. One of the major reasons for the holding was that "only by providing the same limitation peri-

---

**6.** In 1980, the Missouri legislature adopted the Uniform Arbitration Act, RSMo. § 435.350 *et seq.* Under that Act, applications to vacate the award must be made within ninety days of receipt of a copy of the award. § 435.405.2. The Act, however, specifically applies only to agreements made subsequent to the taking ef-

fect of the Act. § 435.445. The collective bargaining agreement applicable to plaintiff was effective April 1, 1975 to March 31, 1979, well before the effective date of the Act. Accordingly, the limitations set out in § 435.120 set out in the text is the appropriate statute for plaintiff's cause.

od against both employer and union, will the court be able to fashion a remedy which properly allocates the damages between them. 514 F.2d at 447–448. A cause of action against a union for failure to represent and a cause of action against an employer for breach of the agreement are interrelated. "To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *United Parcel Service v. Mitchell,* 451 U.S. at 62, 101 S.Ct. at 1563.

The five-year statute of limitations provided for tort actions would hardly further the announced policy of rapid disposition of labor disputes when there is a shorter applicable period available.

Accordingly, this Court finds that the appropriate statute of limitations for § 301 claims against both the union and the employer is that outlined in Missouri statute on vacation of arbitration awards.

### *Accrual of Cause of Action*

■ Having decided which statute of limitation is applicable, the Court must now determine when plaintiff's cause of action accrued and the limitation period began to run. Plaintiff's original complaint centered on his discharge from American in January of 1979 and the union's failure to represent him regarding that discharge. According to plaintiff's own affidavit (filed November 12, 1982), he was discharged on January 26, 1979 and he filed a grievance with Union on or about January 29, 1979. The grievance was presented to the Joint Area Grievance Committee panel on or about June 12, 1979, at which time he was verbally informed that his grievance had been denied. He asserts that sometime subsequent to June 30, 1979, he was informed by Union that it would not proceed with his claim.

Under *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d 442, 449 (8th Cir.1975), the cause of action against both the employer and the union accrues on the date the grievance was rejected. See also, *Wilcoxen v. Kroger*

*Food Stores,* 545 F.Supp. 1019, 1021 (E.D. Mo.1982). According to plaintiff, he was informed of the denial of the grievance on June 12, 1979. Therefore, the cause of action accrued on June 12, 1979. Even under a generous interpretation, the cause of action accrued sometime after June 30, 1979, when plaintiff was informed that the union would not proceed further.

Under the Missouri statutes, the next term for the circuit court began in August of 1979 and lasted until November. Plaintiff's claims should have been presented during the August–November 1979 term.

Plaintiff may complain that applying the shorter statute of limitations is unfair to him in that, at the time his cause of action accrued, the courts were applying the five-year contract statute of limitations. This Court does not have to decide whether *Mitchell* should be applied completely retroactively. This Court agrees with the reasoning of the Eastern District of Missouri, when it said that even without strict retroactive application, the Supreme Court's decision in *Mitchell*

> should have placed plaintiff on notice that the limitation period for his claim would be drastically shortened. After *Mitchell* was announced, plaintiff should, at a minimum, have attempted to file this action prior to the commencement of the next term of the circuit court, as directed by § 435.120. This would have been May 11, 1981.

*Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1121 (E.D.Mo.1982). Instead of quickly filing his complaint, plaintiff waited over seven months before filing his complaint on December 29, 1981. The application of the *Mitchell* ruling in such a situation is not unfair to plaintiff. Indeed, the Supreme Court in *Mitchell* applied its new ruling in such a way as to bar that plaintiff's recovery.

### *Section 10(b) Six-Month Statute of Limitations*

The union asks this Court to apply the six-month statute of limitations set out in 10(b) of the National Labor Relations Act,

29 U.S.C. § 160(b). It bases its argument in part on a concurring opinion in *Mitchell.* Section 10(b) deals with actions charging unfair labor practices. From this Court's research, the § 10(b) statute of limitations has yet to be applied to § 301 claims in this circuit.

This Court believes that the state arbitration statute of limitations, as discussed *supra,* is the appropriate statute of limitations for § 301 claims against both unions and employers, and is unpersuaded by the union's arguments to the contrary. Even if the § 10(b) limitation period for actions is the appropriate period, plaintiff's complaint is time-barred in that it was not filed within six months of the date of the alleged wrongful actions of the union.

### *Motion for Leave to File First Amended Complaint*

█ In response to the motion for summary judgment, plaintiff filed a motion for leave to file his first amended complaint. In his proposed amended complaint, Counts I through IV merely elaborate on the claims set out in the original complaint, which claims this Court has determined are barred by the statute of limitations. Plaintiff also adds two counts, Count V and VI, which add claims involving actions by the union subsequent to the grievance in the initial complaint. These last two counts raise new causes of action. This Court finds that justice does not require the granting to the plaintiff leave to amend the complaint in order to add unrelated claims against one of the parties.

### *Conclusion*

In light of the above discussions, the Court hereby finds that the plaintiff's complaint is barred by the appropriate statute of limitations. The Court further finds that justice does not require the granting of leave to amend the complaint to file new causes of action. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to file his first amended complaint is hereby denied. It is further

ORDERED that defendants' motions for summary judgment are hereby granted and this cause is hereby dismissed with prejudice.

### ON MOTION FOR RECONSIDERATION

This cause pends on plaintiff's motion for reconsideration. On February 11, 1983, this Court issued an Opinion and Order granting the defendants' motions for summary judgment and dismissing the plaintiff's complaint as time-barred. Plaintiff has asked the Court to reconsider its prior holding. The Court has carefully considered the plaintiff's motion for reconsideration and reviewed the relevant case law, and hereby reaffirms its earlier decision dismissing plaintiff's complaint.

As discussed in the earlier Opinion and Order, plaintiff has brought suit against his former employer and union alleging that his union breached the collective bargaining agreement in discharging him and that the union breached its duty of fair representation in the handling of his discharge. The cause of action arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The action against the union has also been considered an implied cause of action under 29 U.S.C. § 159(a). *Retana v. Apartment, Motel, Hotel and Elevator Operators Union,* 453 F.2d 1018, 1021 (9th Cir. 1972).

In his motion to reconsider, the plaintiff again argues that the appropriate statute of limitations for his action against the union is that contained in § 516.120(4), Revised Statutes of Missouri, for negligent malpractice actions, or that contained in § 516.-120(1) for actions on written contracts. Each of those statutes of limitation gives a plaintiff five years to file his cause of action. In this Court's earlier holding that the appropriate limitation period for plaintiff's cause was that provided in § 435.120 RSMo.,[1] the Court relied on the Supreme

---

1. As discussed in the February 11, 1983 Order, at p. 1035, the Missouri legislature adopted a

new act in 1980 which changes the limitation period for such cases but it applies only to

Court's ruling in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell,* the Court held that the appropriate statute of limitations for an action against an employer for breach of the collective bargaining agreement was the analogous state limitation for actions to vacate arbitration awards.

Since the Supreme Court's decision in *Mitchell,* there has continued to be disagreement as to the proper statute of limitations for related actions against unions for failure to fairly represent their members. Although the Eighth Circuit Court of Appeals has not yet addressed the question, three other circuits have held that the appropriate statute of limitations for such actions against a union is the same as that against the employer—the state limitation period for vacating an arbitration award. *D'Andrea v. American Postal Workers,* 700 F.2d 335 (6th Cir.1983); *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local 100,* 698 F.2d 250, 253 (6th Cir.1983); *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir. 1982);[2] *Fedor v. Hygrade Food Products Corp.,* 687 F.2d 8 (3rd Cir.1982); *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349, 1353 (9th Cir.1983). Other circuits, however, have interpreted *Mitchell* differently. *Flowers v. United Steel Workers,* 671 F.2d 87 (2nd Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982) (The Second Circuit applied the 90-day New York statute of limitations for actions to vacate arbitration awards to the plaintiff's action against the employer, but applied the three-year limitation period for malpractice actions to the plaintiff's action against his union.); *Hand v. International Chemical Workers Union,* 681 F.2d 1308 (11th Cir. 1982) (The Eleventh Circuit agreed with the reasoning in *Flowers* that the action against the union was more analogous to a tort claim than to an action to vacate an arbitration award.); *Hall v. Printing & Graphic Arts Union,* 696 F.2d 494 (7th Cir.

1982) (Although applying the arbitration statute of limitations to suits against employers, the Seventh Circuit applied the six-month statute of limitations for unfair labor practice claims under section 10(b), National Labor Relations Act, 29 U.S.C. § 160, for the suit against the union. But see, *Stevens v. Gateway Transportation Co.,* 696 F.2d 500 (7th Cir.1982), in which the plaintiff conceded that his claims were, in effect, attempts to vacate an arbitration award, and the court applied the state arbitration statute of limitation to claims against both the employer and the union.); *Edwards v. Sea-Land Service, Inc.,* 678 F.2d 1276, 1290, 1291 (5th Cir.1982) (This action arose in Texas. Although Texas had a statute of limitations for setting aside an arbitration award, the Texas act specifically excluded collective bargaining agreements. Accordingly, the court believed the state arbitration statute was inappropriate and, rejecting the use of the statute of limitation under § 10(b), National Labor Relations Act, the court applied the four-year catch-all limitation period for the action against the employer and the two-year tort limitation period for the action against the union.).

District courts within the Eighth Circuit have consistently held that the statute of limitations relating to actions to vacate an arbitration award should be applied to actions against the union for breach of the duty of fair representation. *Garvin v. Postmaster, United States Postal Service,* 553 F.Supp. 684, 688 (E.D.Mo.1982); *Arrow v. Pulitzer Publishing Co.,* 548 F.Supp. 420 (E.D.Mo.1982); *Wilcoxen v. Kroger Food Stores,* 545 F.Supp. 1019 (E.D.Mo.1982); *Stahlman v. Kroger Co.,* 542 F.Supp. 1118 (E.D.Mo.1982); *Lincoln v. District 9 of the International Association of Machinists,* 539 F.Supp. 1346 (E.D.Mo.1982); *Sundquist v. American Hoist & Derrick, Inc.,* 553 F.Supp. 924 (D.Minn.1982); *Aarsvold v. Greyhound*

agreements made subsequent to the effective date of the Act.

**2.** In *Badon,* however, the appropriate state, Michigan, did not have a statute of limitations applicable to labor arbitration decisions. Ac-

cordingly, the court applied the six-month limitation provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160, rather than the much longer tort or contract limitations.

*Lines, Inc.,* 545 F.Supp. 622 (D.Minn.1982);[3] *Talley v. United States Postal Service,* 532 F.Supp. 786 (D.Minn.1982).

Prior Eighth Circuit case law indicates that it would follow the lead of the Third, Sixth and Ninth Circuits and apply the same statute of limitations to actions against the union for failure to fairly represent members in grievance procedures and against the employer for breach of the collective bargaining agreement. In *Butler v. Local 823, International Brotherhood of Teamsters,* 514 F.2d 442, 448 (8th Cir.1975), the Eighth Circuit addresses the issue of the limitation period in question. The court ruled that the limitation period for the action against the union was the same as that for suits against the employer. In reaching this decision, the Court set out four reasons to support its conclusion that the underlying federal labor policies were best effectuated by applying the same limitation period.

> First, ... to recover against his employer, an employee will first have to establish that the union has breached its duty of fair representation.... Second, the damages assessed against the union are inextricably tied to the breach of contract. If a court determines that the employer has not breached the contract, even if the union has breached its independent duty of fair representation, the employee will not be entitled to collect from the union damages flowing from the alleged contract breach.... Third, only by providing the same limitations period against both the employer and union, will the court be able to fashion a remedy which properly allocates the damages between them.... Finally, the retention of congruent jurisdiction over the unions will encourage them to represent employees fairly and completely in arbitration proceedings.

514 F.2d at 447–47. The District Court for the District of Minnesota relied on *Butler* in holding that the statute of limitation for a cause of action against the union should be the same as that applied in an action against the employer. *Sundquist v. American Hoist & Derrick, Inc.,* 553 F.Supp. 924, 929 (1982). We agree with the District of Minnesota that the reasoning in *Butler* continues to apply even under the shorter limitation period as required under *Mitchell.*

In addition, this Court's independent review of the decision in *Mitchell* leads it to the conclusion that the Supreme Court, when confronted with the question directly, will probably find that the state arbitration statute of limitations is also applicable to suits against the union for breach of duty to represent. The Supreme Court pointed out the interrelationship of the two causes of action when it stated, "To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but also carry the burden of demonstrating breach of duty by the Union." *United Parcel Service v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). The Court also indicated that a contract statute of limitations would not be appropriate in an action such as plaintiff's against the union. The Court specifically said, "We think that the unfair representation claim made by an employee against his union, ... is more a creature of 'labor law' as it has developed since the enactment of § 301 than it is of general contract law." 451 U.S. at 63, 101 S.Ct. at 1564. The shorter statute of limitations would certainly further the national policy in favor of the "relatively rapid disposition of labor disputes." See 451 U.S. at 63, 101 S.Ct. at 1564.

Plaintiff argues that an employer is not an indispensable party to the action against the union. *Vaca v. Sipes,* 386 U.S. 171, 187, 87 S.Ct. 903, 915, 17 L.Ed.2d 842 (1967). This Court certainly agrees that plaintiff could bring suit against the union without joining the employer as a defendant, but the fact remains that plaintiff's cause of action against the union is contingent upon

---

**3.** Appeal in *Aarsvold* was docketed with the Eighth Circuit on June 11, 1982. Further proceedings have since been stayed pending the Supreme Court's decision in *Flowers v. United* *Steel Workers,* 671 F.2d 87 (2nd Cir.1982). Certiorari was granted in that case on November 29, 1982. —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599.

the employer's breach of the collective bargaining agreement, even if the union did not properly represent the plaintiff. Without such breach, plaintiff has no cause of action against the union. *United Parcel Service v. Mitchell,* 451 U.S. at 62, 101 S.Ct. at 1563. Such closely related causes of action should have the same limitation period.

For the reasons discussed above, the Court hereby concludes that appropriate statute of limitations for plaintiff's action against the union for failure to represent him in his grievance procedure is the same statute of limitations as for his action against the employer for breach of the bargaining agreement in his discharge. In Missouri, the statute of limitations applicable to plaintiff's suit was § 435.120 RSMo.

### Retroactive Application

■ Plaintiff argues that even if § 435.-120 is the appropriate statute of limitations, it should not be applied retroactively as to him. As discussed in the earlier Opinion and Order, the Court is not confronted with the question whether the statute of limitations should be applied strictly retroactively to cases pending at the time of the *Mitchell* decision in that plaintiff's action was not filed until over seven months after the Supreme Court's ruling. This Court earlier held that the Supreme Court's ruling in *Mitchell,* decided on April 20, 1981, should have placed plaintiff on notice of the shorter statute of limitations. Accordingly, the limitations period began to run, at the latest, on April 20, 1981.

In his motion for reconsideration, plaintiff asserts that the shorter limitations period should not be applied retroactively in this manner to his action against the employer and that it is especially unfair to apply the limitation period to the cause of action against the union in that *Mitchell* did not specifically apply to suits against unions.

The Court does not feel that applying the limitation period to plaintiff's cause is unfair. Indeed, the Sixth Circuit has applied the shorter arbitration statute of limitations retroactively to causes against both

the union and employer which were pending at the time of the *Mitchell* decision. *D'Andrea v. American Postal Workers,* 700 F.2d 335 (6th Cir.1983); *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local 100,* 698 F.2d 250, 254 (6th Cir.1983); *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir. 1982); Contra: *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981); *Talley v. United States Postal Service,* 532 F.Supp. 786, 789 (D.Minn.1982) (In both *Talley* and *Singer* the courts refused to apply *Mitchell* to actions which were pending prior to the *Mitchell* decision.) But see, *Local 1020, United Brotherhood of Carpenters v. FMC Corp.,* 658 F.2d 1285, 1292 (9th Cir. 1981) (In an action by a union against the employer, the court applied *Mitchell* to an action which had already been argued on appeal before *Mitchell* was ruled).

. Courts confronted with situations, such as plaintiff's, where the cause of action occurred prior to the *Mitchell* decision but the complaint was not filed until after the April 20, 1981 ruling, have frequently dismissed these actions as time barred under the rulings of *Mitchell.* See, *e.g., Sundquist v. American Hoist & Derrick, Inc.,* 553 F.Supp. 924 (D.Minn.1982); *Aarsvold v. Greyhound Lines, Inc.,* 545 F.Supp. 622 (D.Minn.1982); *Stahlman v. Kroger Co.,* 542 F.Supp. 1118 (E.D.Mo.1982); *Lincoln v. District 9, International Association of Machinists,* 539 F.Supp. 1346, 1347, 1348 (E.D.Mo.1982); *Gardner v. Illinois Bell Telephone Co.,* 548 F.Supp. 177 (C.D.Ill.1982).

"The normal rule is that in civil cases a recent authoritative opinion interpreting the law should be applied to pending cases unless it represents a 'clean break' with the past and unless in addition it would be fundamentally unfair or otherwise burdensome to apply it." *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local 100,* 698 F.2d 250, 254 (6th Cir.1983). See also, *United States v. Johnson,* —— U.S. ——, —— n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202, 214 n. 12 (1982). The burden is on the party seeking to avoid retroactive effect to convince the court that such treatment is

justified. *Talley v. United States Postal Service,* 532 F.Supp. 786, 789, 790 (D.Minn. 1982).

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296 (1971), the Court set out three factors involved in deciding whether to apply a civil case decision retroactively.

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed. [Citation omitted] Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." [Citation omitted] Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of non-retroactivity."

404 U.S. at 106–107, 92 S.Ct. at 355–356. *Occhino v. United States,* 686 F.2d 1302, 1309–1310 (8th Cir.1982).

Although the issue of the appropriate statute of limitations seemed settled within the Eighth Circuit since the *Butler* decision holding that the appropriate statute of limitations was that for bringing a suit on a contract, it was not such a settled area of law as among the circuits. Indeed, it was this split of authority which apparently caused the Supreme Court to grant certiorari in *Mitchell,* 451 U.S. at 60 n. 1, 101 S.Ct. at 1562 n. 1. Accordingly, it does not appear that the first factor of clear past precedent has been satisfied.

Secondly, one of the purposes of the *Mitchell* ruling was to further the policy of rapid resolution of labor disputes. 451 U.S. at 63, 101 S.Ct. at 1564. Enforcing the shorter limitation period, at least to those cases where the cause of action has accrued but the complaint was not filed at the time of the *Mitchell* decision, would certainly further the policy of rapid resolution.

Finally, this Court does not believe the application of the shorter statute of limitation to a cause of action filed after April 20, 1981, would produce "substantial inequitable results" in that the *Mitchell* decision should have placed the plaintiff on notice that a shorter statute of limitation might be appropriate. *Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1121 (E.D.Mo.1982). Although the *Mitchell* case did not specifically decide the issue of the appropriate limitation period for an action against the union, there was sufficient discussion of the similarity of the causes in *Mitchell* to warn plaintiff that the shorter limitation period might also apply to his unfair representation claim. Instead of quickly filing his action after the *Mitchell* ruling, plaintiff waited over seven months before he filed his complaint against his former employer and union.

In *Mitchell,* the Supreme Court applied its decision retroactively in that it affirmed the granting of the defendant's summary judgment motion on the basis of the shorter statute of limitations.

Upon reconsideration of its earlier Opinion and Order, the Court hereby reaffirms its earlier decision granting the defendants' motions for summary judgment.

IT IS SO ORDERED.