**George A. TALLEY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE
and National Rural Letter Carriers'
Association, Defendants.**

**No. Civ. 4–81–190.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 18, 1982.

Michael McNabb, Burnsville, Minn., for plaintiff.

James Rosenbaum, U. S. Atty. by Deborah McNeil, Asst. U. S. Atty., Minneapolis, Minn., for defendant U. S. Postal Service.

Stephen D. Gordon, St. Paul, Minn., for defendant Nat. Rural Letter Carriers' Ass'n.

## MEMORANDUM AND ORDER

MILES W. LORD, Chief Judge.

Defendant National Rural Letter Carriers' Association (Union) has filed a motion for reconsideration of our Order of November 5, 1981, reported at 526 F.Supp. 151 (D.Minn.1981), denying summary judgment to the Union contending that we did not consider whether the plaintiff's cause of action with respect to the Union was time barred. In addition, the plaintiff has filed a motion for reconsideration of that portion of our Order granting the defendant United States Postal Service's (Postal Service) motion to dismiss on grounds that plaintiff's claims against the Postal Service were barred by the statute of limitations. Among the plaintiff's contentions is the claim that *United Parcel Service Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), should not be retroactively applied to this matter. Alternatively, the plaintiff asks this Court to enter final judgment with respect to the plaintiff's cause of action against the Postal Service.

As the facts in this case were adequately set out in our November 5 Order, we find no reason to duplicate that effort except to state that the plaintiff brings this suit nearly eight months after an arbitrator awarded another postal employee the rural route carrier position that plaintiff sought and indeed occupied for a short time prior to the award.

A. The Character of The Cause of Action Against The Union.

██ In our November 5 Order we determined that it was appropriate for the purpose of establishing the proper statute of limitations to characterize plaintiff's breach of contract claim brought pursuant to 39 U.S.C. § 1208(b) of the Postal Reorganization Act as the analog of § 301(a) of the Labor-Management Relations Act (LMRA). Because there is no federal statute of limitations governing § 301 breach of contract actions, the Court was required to adopt the appropriate state statute of limitations. *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). This search entailed an examination into the true nature of the action—i.e., whether it sounded in contract or to vacate an arbitration award. This Court concluded that in light of the Supreme Court's opinion in *United Parcel Service v. Mitchell, supra,* the latter interpretation was more appropriate and therefore the 90 day statute of limitations contained in Minn.Stat. § 572.19 (subd. 2) applied.

It should be noted that the only question properly presented for the Supreme Court's consideration in *Mitchell* was whether the Court of Appeals was correct when it chose New York's six year limitations period for breach of contract actions to govern the

employee's claim against his former *employer* for wrongful discharge. *United Parcel Service v. Mitchell,* 451 U.S. at 71, 101 S.Ct. at 1568 (Justice Stevens concurring in part and dissenting in part). As the employee pressed his claim through a grievance process which included an arbitrator's decision and as the employee had to show not only that his discharge was contrary to the collective bargaining contract but also that his Union had breached its duty to fairly represent him in order to prevail, the Supreme Court held that his suit was more analogous to an action to vacate an arbitration award than a straight contract action. *Mitchell, supra* at 63, 101 S.Ct. at 1564. Defendant Union finds in this analysis support for its contention that the holding in *Mitchell* is equally applicable to itself. While the broad language of the majority opinion might suggest such a result, this Court chooses not to address the possible interpretations of the Supreme Court's decision. For reasons having little to do with the Union's reading of *Mitchell,* this Court finds itself in basic agreement with the Union's position. However, as will become evident, this is only sufficient to win a battle, not the war.

The proper characterization of a fair representation claim against a Union is an issue that has caused the various Circuits to come to different conclusions. Whether such action sounded in contract or in tort with a consequent difference in length of the applicable limitations period has occasioned considerable disagreement among courts and commentators. *See, e.g., Kennedy v. Wheeling-Pittsburgh Steel Corp.,* 81 L.R.R.M. 2349, 69 CCH Labor Cases ¶ 12,980 (4th Cir. 1972); *Sanderson v. Ford Motor Co.,* 483 F.2d 102 (5th Cir. 1973); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970); *deArroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281 (1st Cir. 1970); *Canada v. United Parcel Service, Inc.,* 446 F.Supp. 1048 (N.D.Ill.1978); *Bucholtz v. Swift & Co.,* 62 F.R.D. 581 (D.Minn.1973); *Note, Statutes of Limitations Governing Fair Representation Action Against Union When Brought with Section 301 Action Against Employer,* 44 Geo.Wash.L.Rev. 418 (1976); R. Gorman, *Basic Text on Labor Law* at 724–25 (1976).

The First and the Fifth Circuits have held that a fair representation action against a union, even when coupled with a breach of contract claim action against the employer, is properly characterized as a tort action, notwithstanding the fact that the disparate characterizations may result in a longer period of vulnerability for the employer than for the union. *See Sanderson v. Ford Motor Co.,* 483 F.2d 102, 114 (5th Cir. 1973); *deArroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 286–87 (1st Cir. 1970), *cert. denied* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970).

The Second, Sixth and Eighth Circuits have all stressed the importance of maintaining the same statute of limitations for both defendants when the action is brought under § 301 of the LMRA. *See Gallagher v. Chrysler Corp.,* 613 F.2d 167 (6th Cir. 1980); *Butler v. Teamsters Local 823,* 514 F.2d 442 (8th Cir. 1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2nd Cir. 1970). In *Butler,* the Court of Appeals argued that four reasons supported its conclusion. First, the Supreme Court in *Vaca v. Sipes,* 386 U.S. 171, 587 S.Ct. 903, 17 L.Ed.2d 842 (1967), made it clear that to recover against his employer, an employee will first have to establish that the union has breached its duty of fair representation. This concept is again noted in *Mitchell, supra,* 451 U.S. at 62, 101 S.Ct. at 1563. Thus, there is no problem of allowing claims based on stale evidence to arise, as such evidence is necessary in any case. Second, the damages assessed against the union are inextricably tied to the breach of contract claim against the employer. Third, in order to fashion a fair remedy which properly apportions the damages between the union and the employer, it is necessary to have both defendants before the Court. Finally, the retention of congruent jurisdiction over the unions will encourage them to represent employees fairly and completely in arbitration proceedings. Thus, the Court of Appeals held, quoting the Second Circuit's language in *Abrams v. Carrier Corp., supra* at 1252, that:

When a § 301 suit is brought against an employer alleging breach of the collective bargaining agreement in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, same period of limitations should be applied to both claims. . . .

*Butler v. Teamsters Local 823, supra* 514 F.2d at 448.[1]

Given this Court's finding that the plaintiff's § 1208(b) action is analogous to a § 301 suit coupled with the Supreme Court's holding in *Mitchell* that such actions against the employer where an arbitration award has been reached are to be characterized as actions to vacate that award and the Eighth Circuit's holding in *Butler* that the same period of limitations should be applied to both claims, we conclude that at least in the future, the proper statute of limitations period for a plaintiff's duty of fair representation claim presented under these circumstances is 90 days.

B. Retroactivity.

The issue of the nonretroactive application of a judicial decision has most frequently been addressed in the context of criminal law. *See, e.g., Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); *Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); *Mackey v. United States,* 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971); *Williams v. United States,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). Nevertheless, the issue is not limited to that area. The Supreme Court has with increasing frequency addressed the question of nonretroactivity in the civil area, in both constitutional and nonconstitutional cases. *Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Allen v. State Board of Elections,* 393 U.S. 544, 89

S.Ct. 817, 22 L.Ed.2d 1 (1969); *Hanover Shoe v. United Shoe Machinery Corp.,* 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968); *Simpson v. Union Oil Co.,* 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98 (1964); *England v. State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

The leading case in the area and the best guide for determining whether to apply *Mitchell* retroactively in this instance is *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Huson,* Justice Stewart, writing for the majority, identified three criteria which must be considered when determining whether a judicial decision is to be applied retroactively:

In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, *e.g., Hanover Shoe v. United Shoe Machinery Corp., supra,* [392 U.S.] at 496 [88 S.Ct. at 2233], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, *e.g., Allen v. State Board of Elections, supra,* [393 U.S.] at 572 [89 S.Ct. at 835]. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra,* [381 U.S.] at 629 [85 S.Ct. at 1737]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding

---

1. Both the Second and the Eighth found the state's limitations period for written contract actions governed the employee's duty of fair representation claim. *Butler v. Teamsters Local 853,* 514 F.2d 442, 448 (8th Cir. 1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234, 1252–

53 (2nd Cir. 1970). The Sixth Circuit concluded that the state's statute of limitations for injuries to persons or property applied. *Gallagher v. Chrysler Corp.,* 613 F.2d 167, 169 (6th Cir. 1980).

the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma, supra,* [395 U.S.] at 706 [89 S.Ct. at 1900].

*Chevron Oil Co. v. Huson, supra,* 404 U.S. at 106–07, 92 S.Ct. at 355.

Because the common rule of "long standing is that judicial precedents normally have retroactive as well as prospective effect," *National Ass'n of Broadcasters v. FCC,* 554 F.2d 1118, 1130 (D.C.Cir.1976), the party seeking to invoke a prospective effect only must carry the burden of convincing the court that such treatment is justified. *Valencia v. Anderson Brothers Ford,* 617 F.2d 1278, 1288 (7th Cir. 1975), citing *Jimenez v. Weinberger,* 523 F.2d 689, 704 (7th Cir. 1975), *cert. denied* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976).

This Court is aware of two cases treating the issue of the retroactive application of *Mitchell.* In *Kikos v. Teamsters,* 526 F.Supp. 110 (E.D.Mich.1981), plaintiffs filed their § 301 action on March 7, 1978, nearly 3½ years after the local arbitration panel rendered its October 21, 1974 decision. The case apparently laid dormant for another 3 years until plaintiffs filed a motion to strike affirmative defenses on July 15, 1981. Shortly, thereafter both the employer and the Union filed motions to dismiss or summary judgments on grounds the action was time-banned. Prior to *Mitchell* Michigan's three-year tort statute of limitations governed § 301 actions. *Smart v. Ellis Trucking Co., Inc.,* 580 F.2d 215, 217 (6th Cir. 1978) *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). The court determined that, in this instance, *Mitchell* should be applied retroactively to bar plaintiffs' suit. The court reasoned that while *Mitchell's* overruling *Smart* was not expected the plaintiffs' cause of action arose back in 1974 when "the law was in a state of disarray with regard to the appropriate statute of limitations ...." During this period which preceded *Smart* plaintiffs knew or should have known the need to take appropriate, immediate action. We are not presented with similar situation. Mr. Talley commenced his lawsuit eight

months after the arbitrator's decision and two weeks before the Supreme Court's decision in *Mitchell.* During this entire time the law in this jurisdiction was *Butler's* holding which, in effect, called for the application of Minnesota's statute of limitations for actions on a written contract; i.e. a six year statute of limitation. For this reason, this Court, finds the Ninth Circuit's opinion in *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349 (9th Cir. 1981) more appropriate. In *Singer* the plaintiff filed his lawsuit in November of 1978, more than a year after an arbitration award. While the case was on appeal *Mitchell* was decided. The Circuit Court declined to apply *Mitchell* to plaintiff's action on the grounds that it was reasonable for the plaintiff to have relied upon the Court's earlier decision in *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750 (9th Cir. 1978) characterizing such a suit as an action based upon a national labor statute and concluding that a three-year statute of limitations applied. Reliance upon *Price* was reasonable even though the union stopped short of filing a grievance, and therefore the claim was not an appeal from an arbitration award. *Singer, supra,* at n.2, 1353.

Thus the pertinent factor to be considered is whether the rule of the *Mitchell* case is one which might have been anticipated. This Court concludes it is not and therefore *Mitchell* will not be applied to this case. In the future, as *Mitchell* requires, when the action is commenced after an unfavorable arbitral decision, we shall treat suits against a union for a breach of the duty of fair representation and against an employer for a breach of a collective bargaining agreement under this type of limitations statute.

## C. FINAL CONSIDERATIONS

In light of this Court's decision concerning the proper statute of limitations governing this case it now becomes relevant to consider the Postal Service's second argument in favor of its motion to dismiss. The Postal Service contends that the plaintiff failed to make his claim against his employ-

er the subject of a contract grievance. This failure to exhaust his contract remedy, the Postal Service argues, renders the Court without jurisdiction to consider this matter. The law, however, does not require an employee to assert his claims through a grievance procedure when the employer has repudiated those contractual procedures. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Furthermore, an employee is not required to use a grievance procedure when it would be futile to do so. *Glover v. St. Louis-S. F. Ry.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). The plaintiff's complaint read in a manner most favorable to his position would allow a conclusion that the grievance procedure was not a necessary prerequisite to bringing this action. Similarly, this Court concludes that exhaustion is not required in order for the plaintiff to bring his breach of a duty of fair representation claim against the Union. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1975).

IT IS THEREFORE ORDERED That:

(1) the defendant National Rural Letter Carriers' Association's motion for reconsideration is denied.

(2) the plaintiff's motion for revision is granted and thereby that part of this Court's November 5th Order granting defendant Postal Service's motion to dismiss is vacated and the Postal Service's motion to dismiss is hereby denied for the reasons stated above.

IT IS SO ORDERED.