Richard James DRUCKENMILLER

v.

UNITED STATES of America, Five Unknown Agents of the Federal Bureau of Investigation, Four Unknown Pennsylvania State Policemen and Three Unknown Moore Township Policemen.

Civ. A. No. 82–0970.

United States District Court,
E.D. Pennsylvania.

Dec. 29, 1982.

Wallace C. Worth, Allentown, Pa., for plaintiff.

James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff's motion for reconsideration invites us to determine whether the recent Supreme Court decision in *Harlow v. Fitzgerald,* 457 U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), should be given retroactive effect.[1] We conclude that it should and deny the motion.

In determining whether *Harlow* is entitled to retroactive effect, we are guided by the seminal case of *Chevron Oil v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), which held that holdings in civil cases should be limited to prospective application where they "overrul[e] clear past precedent" or announce a rule of law which was not "clearly foreshadowed". Courts should also consider whether retroactive application of the new decision will "further or retard" the new rule and whether "substantial inequitable results" will flow from retroactive application. *See also, Perez v. Dana Corp.,* 545 F.Supp. 950, 951 (E.D.Pa.1982). In applying this test, courts are reminded that proper deference should be accorded the "long standing" rule that "judicial precedents normally have retroactive as well as prospective effect". *National Ass'n. of Broadcasters v. FCC,* 554 F.2d 1118, 1130 (D.C.Cir.1976). *See also, United States v. Holcomb,* 651 F.2d 231, 234

---

1. Plaintiff also argues that, assuming the retroactive application of *Harlow,* we incorrectly applied its *ratio decidendi* in our prior memorandum. *See, Druckenmiller v. United States,* 548 F.Supp. 193 (E.D.Pa.1982). We disagree.

(4th Cir.1981) (*per curiam*). Hence, plaintiff, in advocating only prospective application of *Harlow* carries the burden that such treatment is warranted. *Talley v. United States Postal Service*, 532 F.Supp. 786, 790 (D.Minn.1982). In describing this burden, some courts require the opponent of retroactive application to meet all three of the *Chevron Oil* factors. *See e.g., N.L.R.B. v. Lyon & Ryan Ford, Inc.*, 647 F.2d 745, 757 (7th Cir.), *cert. denied*, 454 U.S. 894, 102 S.Ct. 391, 70 L.Ed.2d 209 (1981).

*Harlow* modified the previously accepted method of testing defendants' claims that their conduct was shielded by "good faith" or "qualified" immunity. Prior thereto, defendants, whose official conduct was challenged, had to "objectively" and "subjectively" prove that their conduct was, indeed, in "good faith". *Wood v. Strickland*, 420 U.S. 308, 321–22, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). *Harlow* abrogated the "subjective" aspect of the "good· faith" analysis because the court felt that the "social costs" of such inquiries were impermissibly high. *Harlow v. Fitzgerald*, 457 U.S. at ——, 102 S.Ct. at 2737, 73 L.Ed.2d at 408.

Whether the announced method of testing "good faith" as articulated in *Harlow* "overruled clear past precedent" or was not "clearly foreshadowed" is a close question. On one hand, the court modified a rule which had been relatively firmly established and had been "frequently" invoked to avoid summary disposition. *Harlow v. Fitzgerald*, 457 U.S. at ——, 102 S.Ct. at 2738, 73 L.Ed.2d at 409. On the other hand, the court's ruling is compatible with the prior holding and rationale of *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). *See, Harlow v. Fitzgerald*, 457 U.S. at ——, 102 S.Ct. at 2738, 73 L.Ed.2d at 409. Judge Broderick recently observed that *Harlow* merely represented an "adjustment" or "refinement" of the "traditional law of qualified immunity". *Forsyth v. Kleindienst*, 551 F.Supp. 1247 at 1263 (E.D. Pa.1982) (denying motion for an interlocutory appeal pursuant to 28 U.S.C. § 1292 (b).) We agree.

Although this issue, i.e., whether *Harlow* announced a rule which was not "clearly foreshadowed", is not subject to facile resolution, we conclude that *Harlow* merely represents a modification in the law of qualified immunity. Hence, plaintiff has failed to meet the first part of the *Chevron Oil* test.

Plaintiff also fails to satisfactorily meet the second aspect of the test, whether retroactive application will advance or retard the *Harlow* holding. *Harlow's* "refine[ment]" of the immunity analysis, *Forsyth v. Kleindienst*, 551 F.Supp. 1247 at 1260 (E.D. Pa.1982), is predicated upon the "special costs" which inquiries of subjective immunity typically spawn. 457 U.S. at ——, 102 S.Ct. at 2738, 73 L.Ed.2d at 409. These include

the expense of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office.

*Harlow v. Fitzgerald*, 457 U.S. at ——, 102 S.Ct. at. 2736, 73 L.Ed.2d at 408. Failure to retrospectively apply *Harlow* would result in a continuance and augmentation of these "special costs".

We recognize that the retroactive application of *Harlow* will work a hardship upon plaintiff. We do not believe, however, that this hardship, standing alone, is so great and substantial that it calls for abrogation of the general rule, "familiar to every law student" that judicial decisions normally "operate retrospectively". *United States v. Security International Bank*, —— U.S. ——, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982).

Finally, although not expressly considering the *Chevron Oil* analysis, the Third Circuit has *sub silentio* arrived at the same conclusion which we have reached today. In remanding to the district court, *Scott v. Plante*, 691 F.2d 634, 639 (3d Cir.1982) observed that "[o]bviously on remand the trial court *will* take [*Harlow*] into account ...". (emphasis added). Additionally, Chief Judge Luongo, relying upon *Harlow,* barred a claim which arose in December, 1980. *Souders v. Parole Agents,* No. 81–930

(E.D.Pa. September 23, 1982). *See also, Forsyth v. Kleindienst, supra,* (applying *Harlow* to a claim which arose in 1970.) Accordingly, we conclude that *Harlow* applies retroactively; plaintiff's motion to reconsider will be denied.

An appropriate order shall issue.