David **BANDELIER**, Plaintiff,

v.

**LOCAL 782, RETAIL STORE EMPLOYEES UNION, et al., Defendants.**

No. 80–0339–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

April 6, 1983.

James C. Wirken, Ronald C. Spradley, Kansas City, Mo., for plaintiff.

Stanley E. Craven, Kansas City, Mo., Thomas Marshall, Kansas City, Kan., Robert S. Fousek, Kansas City, Mo., for defendants.

## OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

This cause pends on the joint motions of defendants to dismiss plaintiff's claims as time-barred by the statute of limitations. Plaintiff alleges a cause of action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. He claims that his employer breached the collective bargaining agreement on several occasions in its treatment of him and that his union violated its duty of fair representation in failing to properly process his grievances concerning these actions.

At the Court's request, the parties briefed the question of the effect, if any, of the decision in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell,* the plaintiff had been discharged from his position with United Parcel Service. He asked his union to file a grievance contesting the discharge. A grievance was filed and an arbitration decision adverse to plaintiff was rendered. Seventeen months later, Mitchell filed a complaint in federal court against his former employer and union. He claimed the employer had discharged him in violation of the collective bargaining agreement and that the union had breached its duty of fair representation in processing his grievance on the discharge. The Supreme Court was faced with the question of which state statute of limitations was appropriate to Mitchell's claim. The Supreme Court determined that the applicable state statute was that setting out the statute of limitations for actions brought to vacate an arbitration award.

Because only the employer had appealed to the Supreme Court, the Court only specifically reached the claim against the employer and left open the question of which limitation period is applicable to related claims against the union. This Court, however, has since held that the *Mitchell* reasoning applies also to the related claims against the union for failure to fairly represent union members. *Collins v. American Freight System, Inc.,* 559 F.Supp. 1032, No. 81–1062–CV–W–3 (W.D.Mo. Feb. 11, 1983 & March 23, 1983). *Collins* was similar to *Mitchell* in that the union had filed grievances on behalf of the plaintiff but plaintiff lost in arbitration. The Court found that the applicable statute of limitations was the Missouri statute for actions brought to vacate an arbitration award. This limit is set out in section 435.120, Revised Statutes of Missouri. That statute provides, "Every ... application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of the award." [1] Section 478.205, RSMo., sets out that the state circuit court terms commence on the second Monday of February, May, August and November.

In the cause now before the Court, plaintiff Bandelier asserts that his cause is distinguishable from that in *Mitchell* in that none of his grievances ever reached the arbitration stage because the union refused to take any of his grievances to arbitration. Bandelier's situation is distinguishable from that in *Collins* also in that Collins filed his claim over seven months after the *Mitchell* ruling but Bandelier filed his a year prior to the Supreme Court decision.

In order to determine if plaintiff Bandelier's cause is barred by the shorter statute of limitations discussed in *Mitchell,* the Court is faced with two questions: (1) Is the

---

1. In 1980, the Missouri legislature adopted the Uniform Arbitration Act, RSMo § 435.350 *et seq.* Under that Act, applications to vacate the award must be made within ninety days of receipt of a copy of the award. § 435.405.2. The Act, however, specifically applies only to agreements made subsequent to the taking effect of the Act. § 435.445. In that plaintiff was discharged in 1979, any collective bargaining agreement applicable to plaintiff was effective before the effective date of the Act. Accordingly, the limitations set out in § 435.120 are appropriate in plaintiff's case.

*Mitchell* ruling applicable to actions, such as plaintiff alleges in his complaint, where there was no arbitration process? and (2) Should *Mitchell* be applied retroactively to suits filed prior to the *Mitchell* ruling and pending at the time the Supreme Court made its decision?

Other courts have held that *Mitchell* is applicable to actions where the grievance never reached the arbitration stage. *Badon v. General Motors Corp.,* 679 F.2d 93, 96 (6th Cir.1982)[2]; *Garvin v. Postmaster, United States Postal Service,* 553 F.Supp. 684, 688 (E.D.Mo.1982); *Sundquist v. American Hoist & Derrick, Inc.,* 553 F.Supp. 924, 928 (D.Minn.1982); *Wilcoxen v. Kroger Food Stores,* 545 F.Supp. 1019, 1020 (E.D. Mo.1982); *Aarsvold v. Greyhound Lines, Inc.,* 545 F.Supp. 622, 624 (D.Minn.1982).[3] This Court, however, does not need to decide that issue because it has determined that *Mitchell* should not be applied retroactively to actions where the suit was filed prior to the Supreme Court decision in *Mitchell.*

"The normal rule is that in civil cases a recent authoritative opinion interpreting the law should be applied to pending cases unless it represents a 'clean break' with the past and unless in addition it would be fundamentally unfair or otherwise burdensome to apply it." *Lawson v. Truck Drivers, Chauffuers & Helpers, Local 100,* 698 F.2d 250, 254 (6th Cir.1983). See also, *United States v. Johnson,* ___ U.S. ___, ___, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202, 214 n. 12 (1982). The burden is on the party seeking to avoid retroactive effect to convince the court that such treatment is justified. *Talley v. United States Postal Service,* 532 F.Supp. 786, 789, 790 (D.Minn. 1982).

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the

Court set out three factors involved in deciding whether to apply a civil case decision retroactively.

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed. [Citation omitted] Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking at the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." [Citation omitted] Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of non-retroactivity."

404 U.S. at 106–107, 92 S.Ct. at 355. *Occhino v. United States,* 686 F.2d 1302, 1309–1310 (8th Cir.1982).

On April 4, 1980, when plaintiff filed his initial complaint in this cause, the question of the appropriate statute of limitations was settled in this Circuit. In 1975, the Eighth Circuit Court of Appeals had held that the applicable statute of limitations for § 301 claims against the union and the employer filed in Missouri was the five-year limitation period for contract actions. *Butler v. Local 823, International Brotherhood of Teamsters,* 514 F.2d 442, 448 (8th Cir. 1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). There was some split of authority, however, as among the circuits and it was this split which apparently cause the Supreme Court to grant certiorari in *Mitchell. United Parcel Ser-*

**2.** In *Badon,* however, the appropriate state, Michigan, did not have a statute of limitations applicable to labor arbitration decisions. Accordingly, the court applied the six-month limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160, rather than the much longer tort or contract limitations.

**3.** Appeal in *Aarsvold* was docketed with the Eighth Circuit on June 11, 1982. Further proceedings have since been stayed pending the Supreme Court's decision in *Flowers v. United Steel Workers,* 671 F.2d 87 (2nd Cir.1982), *cert. granted* ___ U.S. ___, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982).

vice v. Mitchell, 451 U.S. 56, 60 n. 1, 101 S.Ct. 1559, 1562 n. 1, 67 L.Ed.2d 732 (1981). At the time when plaintiff filed his suit, at least within this circuit, there was arguably clear past precedent on which he may have relied to support his belief that he had five years within which to file his cause.

The second factor set out in Chevron Oil involves the purpose of the new ruling. This factor weighs in favor of retroactive application of Mitchell in that one of the purposes of the Mitchell ruling was to further the policy of rapid resolution of labor disputes. 451 U.S. at 63, 101 S.Ct. at 1564. Enforcing the shorter limitation period would further this policy of rapid resolution.

The final factor weighs against retroactive application. It is because this Court believes that retroactive application to causes pending at the time of the Mitchell decision would "produce substantial inequitable results" that the Court has determined that retroactive application is not appropriate. The law in the circuit was fairly well established and the Court believes it would be inequitable to require the plaintiff to have predicted one year prior to the Mitchell ruling that the Supreme Court would determine that the Eighth Circuit had applied an incorrect statute of limitations. The Ninth Circuit and the District of Minnesota have both refused to apply Mitchell to actions which were pending prior to the Mitchell decision. Singer v. Flying Tiger Line Inc., 652 F.2d 1349, 1353 (9th Cir.1981); Talley v. United States Postal Service, 532 F.Supp. 786, 789 (D.Minn.1982). On the other hand, the Sixth Circuit has applied the shorter arbitration statute of limitations retroactively to causes against both the union and the employer which were pending at the time of the Mitchell decision. D'Andrea v. American Postal Workers, 700 F.2d 335 (6th Cir.1983); Lawson v. Truck Drivers, Chauffeurs & Helpers, Local 100, 698 F.2d 250, 254 (6th Cir.1982); Badon v. General Motors Corp., 679 F.2d 93, 98 (6th Cir.1982); See also, Local 1020, United Brotherhood of Carpenters v. FMC Corp., 658 F.2d 1285, 1292 (9th Cir.1981) (In an action by a union against the employer, the court applied Mitchell to an action which had already been argued on appeal before Mitchell was ruled.); Davidson v. Roadway Express Inc., 650 F.2d 902 (7th Cir.1981) (The court applied Mitchell to a case by an individual against his employer where oral argument had been made prior to the Mitchell decision.).

This Court believes, for the reasons discussed above, that the statute of limitations issue in the case now before it should be resolved under pre-Mitchell case law. The Eighth Circuit law prior to Mitchell held that the appropriate statute of limitations in Missouri in a § 301 claim against an employer or union was the five-year limitation period set out for contract actions, and that the cause of action accrued on the date when the grievance was rejected. Butler v. Local 823, International Brotherhood of Teamsters, 514 F.2d 442, 446, 449 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975).

Accordingly, the Court hereby reiterates its position in its Opinion and Order filed November 19, 1982, that the determination on defendants' motion to dismiss plaintiff's claims must be deferred until the trial on the merits at which time the evidence on when the grievances were rejected will be heard.

In light of the above discussion, it is hereby

ORDERED that defendants' motion to dismiss plaintiff's claims is hereby denied without prejudice and hearing and determination of the motion is hereby deferred until the trial on the merits.